CLARKSON and wife *vs.* F. DE PEYSTER and others.

It is a good ground of demurrer to the whole bill, that a person who has no interest in the controversy, and has no equity as against the defendant, is improperly joined as a party complainant.

Where the husband files a bill in relation to his own rights, if his wife is a necessary party, by reason of a judgment or decree in favor of the husband and wife which is a lien upon the property of the defendant, and in a case where all the incumbrancers must be before the court, the wife may be joined with her husband as a complainant.

THE decision in this case was made upon a demurrer of the defendant F. De Peyster, to the complainant's bill. The facts of the case are sufficiently stated in the opinion of the court.

*G. Sullivan,* for the complainants.

*S. A. Talcott,* for the defendants.

THE CHANCELLOR. The complainant Matthew Clarkson, has a mortgage, executed by the defendant J. F. De Peyster, on certain lands in the county of St. Lawrence; and as additional security for the same debt, he has an assignment, by way of mortgage, of 20 shares in the Tontine Coffee House, in New-York, subject to a prior lien in favor of the guardians of the infant children of H. A. Coster. The guardians also claim a prior lien on the St. Lawrence lands, as security for their debt from the defendant F. De Peyster. But it is alleged in the bill that they have, as a further security for their debt, a mortgage from F. De Peyster, on certain lands belonging to him, in the city of New-York, and on certain other lands in Dutchess county. The complainants, M. Clarkson and wife, have also a decree in this court, which, by the issuing of an execu-

tion to the sheriff of the city and county of New-York, has become a lien on the interest of F. De Peyster, in the property in that city, subject to the prior mortgage to the guardians. F. De Peyster demurs to the bill for want of equity against him; and also on the ground that there is a misjoinder of the claim of M. Clarkson, in his own right by virtue of the mortgage from F. De Peyster, with the decree in chancery in favor of himself and wife against F. De Peyster. As this is a general demurrer to the whole bill, it must be overruled, if the complainants had a right to make F. De Peyster a party for any purpose whatever, unless the wife is improperly joined as a party complainant.

Where a person who has no interest in the controversy, and has no equity against the defendants, is improperly joined as a complainant, it is undoubtedly a good ground of demurrer to the whole bill. (*The King of Spain and others v. Machado*, 4 *Russ. Rep.* 225.) But in this case it is alleged that the defendants, who are guardians of the children of Coster, have four different securities for their debt which is due from F. De Peyster: 1. The New-York lands; 2. The Tontine property; 3. The Dutchess county lands; and 4. Their claim to a priority, as against the St. Lawrence county lands. The object of M. Clarkson, as the holder of the mortgage, is to throw the debt of the guardians upon the first and third funds, so as to relieve the second and fourth upon which alone his mortgage is a lien. To obtain a decree directing a sale of the New-York and Dutchess county lands in the first place to satisfy the debt to the guardians, so as to give Clarkson the benefit of this marshalling of the funds, F. De Peyster, as the owner of those lands and the mortgagor to the guardians, seems to be a necessary party. And he may be compelled to answer as to the situation of those lands, as well as to the other matters in the bill. For the reason before stated, it became necessary to make the other persons who had liens on the New-York or Dutchess county property parties to the suit. Here, however, a new equity arises. M. Clarkson and wife, by virtue of their decree and the execution issued thereon to the sheriff of New-York, obtained a lien upon the property of F. De Peyster in that city. But their decree was

obtained before the revised statutes went into operation, and of course not being docketed, it was not a lien on the lands in Dutchess county, no execution being issued there. They have therefore an equity to throw the debt of the guardians on the Dutchess county lands only, in the first place, so as to obtain the benefit of their execution lien on the New-York property, or upon any balance of the proceeds of that property which may be left after satisfying the debt of the guardians. For this purpose the wife was a necessary party, as well as the husband. As he must be the complainant for the purpose of obtaining his separate rights under his mortgage, he and his wife could not be defendants to protect their joint rights under the decree in chancery. Neither could the wife, under such circumstances, be made a defendant without her husband, as to an equitable right in which he had a common interest with her. It then became a matter of necessity to join her with the husband as a party complainant.

A different state of facts may be presented upon the coming in of the answer of this defendant; but from what appears on the face of the bill, the demurrer is not well taken. It must therefore be overruled, with costs; and the defendant F. De Peyster must pay those costs, and answer the complainant's bill in forty days, or an attachment may issue to compel an answer.