## JENKINS and others *vs.* FREYER and others.

The guardian *ad litem* of an infant defendant should not consent to a general reference to a master to take an account against the infant, until he has ascertained that the rights of the infant can be protected on such reference.

The husband can collect demands due to his deceased wife, only in the character of her administrator; and by the revised statutes, he is required to give the like bond and security as other administrators.

The executor or administrator only can represent the personalty, and he alone can give a valid discharge, upon payment of the demand due the testator or intestate.

A person who is the next of kin cannot sustain a suit in equity, for the recovery of personal property belonging to the decedent, without taking out letters of administration upon the estate, although he is exclusively entitled to the beneficial interest therein.

Upon a bill for an account and distribution of an estate, if one of the distributees dies pending the suit, it must be revived against his personal representatives, and not against his next of kin.

The children of a deceased legatee, although exclusively entitled to the legacy, cannot recover the same from the owner of the real estate upon which it is charged, without administering upon the estate of the legatee.

Upon the hearing of a cause, if it appears that all the proper parties are not before the court, the complainant may be permitted to file a supplemental bill to bring in the necessary parties.

When lands charged with the payment of legacies have been sold by the devisee to different purchasers, such lands will be charged in the inverse order of their alienation.

Where a legacy is given to a class of individuals, in general terms, as to the children of A., and no period is fixed for the payment of the legacy, it will be considered as due at the death of the testator; and only the children of A. who were either born or begotten previous to that time, are entitled to a share in the legacy.

But a child in *ventre sa mere*, at the death of the testator, is considered as in *esse;* and if it should afterwards be born alive, it would be equally entitled with those children who were born in the lifetime of the testator.

Where, by the will, there is a postponement of the division of a legacy given to a class of inividuals, until a period subsequent to the testator's death, every person who answers the description so as to come within that class, at the time fixed by the testator for the division, will be entitled to

1833.

Jenkins
v.
Freyer.

Janury, 15.

a share, although not *in esse* at his death; unless there is something in the will to show that the testator intended to limit the legacy to such only of the class as would answer the description at the time of his death.

Isaac Freyer, who died in 1802, by his will devised to his son Isaac I. lots number 1 and 7 in the city of Albany, charged with the payment of a legacy of £100. He also devised to his son William, lots No. 3 and 4, charged with £30; to his son John, lot No. 8, charged with £20; to his son Peter, lot No. 2, charged with £65; and to his son Henry, lots No. 6 and 9, charged with £25. The testator then gave £500 in legacies to certain of his grandchildren, a portion thereof to be paid by the said devisees, as above mentioned, and the residue to be paid by his executors, out of his personal estate: to wit, £300 to the children of his deceased daughter Elizabeth, and £200 to the children of his son Thomas, who was then living. After making some other specific devises and bequests to his daughter Ann and his son Thomas, the testator gave the residue of his etate to his sons Isaac I., William, John, Peter, and Henry; and he appointed the three first executors of his will. At the death of the testator his deceased daughter Elizabeth had three children living: to wit, Polly, the wife of R. Van Kleek, Elizabeth, the wife of Jacob Lansing, and Ann, the wife of C. Pruyn. . Thomas Freyer had then but three children, Joseph N., Isaac, and Elizabeth, but he subsequently had six others, and is still living. Soon after the death of the testator, Peter Freyer one of the devisees, conveyed his lot to his brother John, and subsequently died intestate, without issue and without property. Henry Freyer, in July 1810, conveyed lot No. 6 to B. Armitage, from whom, by divers *mesne* conveyances, it came to Willard Walker. Henry also conveyed to his brother John part of lot No. 9, with warranty. William conveyed lot No. 4, to the corporation of Albany, which was converted into a street. John Freyer died intestate, in December, 1816, leaving 9 children; two of whom, in conjunction with their husbands, were the complainants in this suit. William Freyer died in December, 1816, eight days after the death of his brother John, intestate and without issue, leaving his three brothers, Isaac I., Henry and Thomas, his sister Ann Armitage, his three nieces

(the children of his sister Elizabeth,) and the nine children of his brother John, his heirs at law, and entitled to distributive shares of his personal estate. Three of the children of John Freyer, Jonathan, Catharine and William, afterwards died intestate and without issue. Soon after the death of William Freyer, the elder, his brother Thomas assigned and conveyed all his interest in the estate to his nine children. In 1820, Joseph N. Freyer, one of those children, and one of the legatees of his grandfather, died intestate, leaving his son Joseph his sole heir. Elizabeth Lansing, one of the heirs of her uncle William, and a legatee of her grandfather, died in 1825, leaving her husband, and her three children, Robert, Jacob, and William F., her surviving. After the death of William Freyer, in 1816, his brothers, Isaac J. and Henry, and his brother in law, B. Armitage, administered on his estate.

The complainants filed their bill in this cause for an account and distribution of the estate of William Freyer, among those who were justly entitled to the same; for an account of the administration of the estate of Isaac Freyer, deceased; for the payment of the balance of the legacies which might be found due, and which were payable out of his personal estate; and to ascertain what part, if any, of the legacies charged upon the real estate remained due, and for a contribution and payment of the same agreeable to equity. After Isaac I. Freyer, the surviving executor of the testator Isaac Freyer, had put in his answer, the suit abated by his death; and it was afterwards revived, by a bill of revivor and supplement, against his executrix, and his devisees and residuary legatees. The solicitors for the several parties agreed upon a decree, referring it to a master to take the several accounts between the parties; but as many of the defendants were infants, it was submitted to the court to make such decretal order in the premises as should be deemed proper upon the facts stated in the pleadings.

*J. King*, for the complainants.

*A. Tabor*, for the defendant Walker.

*L. H. Palmer*, guardian for John Freyer and others.

*A. Van Vechten,* for the executrix of Isaac I. Freyer.

*J. T. B. Van Vechten,* for P. Smith and others, infants.

THE CHANCELLOR. The guardian ad litem of infant defendants should not consent to a general reference to a master to take an account against the infants, until he has ascertained, from an examination of the pleadings at least, that their rights can be protected on such reference, and that his wards will not be subjected to the expense of a double litigation. One object of this suit is to settle the claims of the original legatees, or their representatives, to legacies, parts of which legacies were charged upon real estate in which some of the infant defendants are now interested; and yet the necessary parties are not before the court to enable the chancellor to make a final decree, upon the coming in of the master's report, so as to clear their estate from these encumbrances. The share of the legacy which belonged to each of the grandchildren of the testator, Isaac Freyer, is a specific lien upon the several lots on which such legacies were charged, in favor of such legatees or their personal representatives. And that lien cannot be divested, except by an actual payment or release, or by a decree in a suit in which each legatee, or his or her personal representative is a party. In this case the children of Mrs. Lansing, one of the legatees, may be proper parties in relation to the real estate of her uncle William, if the whole of her interest therein was not divested by the sale in the partition suit. But the legacy to Mrs. Lansing, as well as her distributive share of the personal estate of the deceased uncle, belonged to her husband, as he survived her, and not to her children; and he is not a party to this suit. So that the claim upon the real estate for this legacy, and upon the administrators of William for his distributive share, cannot be disposed of in this suit, even if it could be recovered by the husband without administering upon the estate of his deceased wife. The husband however is only authorized to collect demands which belonged to his deceased wife, in the character of her administrator. And by the revised statutes, he is required, when he administers on her estate, to give a bond and security, the same as other persons. (2

1833.

Jenkins
v.
Freyer.

R. S. 75 § 29.) Joseph N. Freyer was also one of the original legatees of Isaac Freyer; and he was likewise entitled to a distributive share of the estate of his uncle William, under the conveyance or assignment from his father, Thomas Freyer. His personal representative, and not his heir at law, is the proper party to claim his share of the personal estate of his uncle and of the legacy of his grandfather. And unless such personal representative is before the court, no decree can be made in this cause which will discharge the several lots from the encumbrance of his part of the legacies charged thereon. (*See Hallett* v. *Hallett*, 2 *Paige's Rep.* 16.) Although the child of Joseph N. Freyer, who is probably entitled to his estate under the statute of distributions, is before the court, that is not sufficient. The creditors of the father may be entitled to the whole of the estate; and the executor or administrator alone can represent the personalty, so as to give a valid discharge. In *Bradford* v. *Felder*, (2 *M'Cord's Ch. Rep.* 169,) it was held that the next of kin could not sustain a suit in equity, for the recovery of personal property belonging to the decedent, without administering, although they were exclusively entitled to the beneficial interest therein. And in the case of *Kellar's executors* v. *Beelor*, (5 *Monroe's Rep.* 574,) where, upon a bill for an account and distribution of the estate of the testator, one of the distributees died pending the suit, it was held that the suit was improperly revived against his next of kin; and that his personal representative was the proper party to be made defendant in the bill of revivor. In *Wilkinson* v. *Perrin*, 7 *Monroe's Rep.* 217,) it was also held that the personal representative of a distributee who died before distribution, must be made a party; and that it was not sufficient that the children were before the court. Also in the case of *Champenois* v. *Champenois*, decided by this court in December, 1828, but not reported, it was held that the children of a legatee, whose legacy was charged upon the real estate of the defendant, were not entitled to recover the legacy without administering upon the estate of their father although it was admitted that there were no debts due from the deceased legatee, and that the taking out of letters of administration was

a mere formal proceeding.(a)   As none of these complainants have administered upon the estate of John Freyer, they are not entitled to call for an account, against the executrix and the infant devisees of Isaac I. Freyer of the administration of the personal estate of Isaac Freyer, the original testator.  And they cannot have an account of the several legacies charged upon the real estate, with a view to an equitable contribution for the payment thereof, without bringing the personal representatives of Mrs. Lansing, and of Joseph N. Freyer, before the court.  If the complainants wish to proceed for an account and distribution of the personal estate of William Freyer alone, they may have a reference for that purpose, as the administrators make no objection of a want of parties.  And the estate can be distributed, except such parts thereof as belong to the personal representatives who are not before the court ; or such representatives may be permitted to come in and claim their distributive shares of the estate before the master.   Among other distributees who are not now properly represented here, are the personal representatives of the three children of John Freyer, who have died since they became entitled to a share of their uncle William's personal estate. Their shares cannot be distributed among their next of kin until a personal representative is appointed, if the objection is insisted upon by the administrators of William.

If the complainants prefer to have the proper parties brought before the court, so as to enable them to have an account of all the legacies which are still a charge upon the real estate, they are to be at liberty to file a supplemental bill, to bring in the necessary parties for that purpose.  Or they may have a reference to take such an account, upon procuring the written agreement or consent of the personal representatives of the deceased legatees to come in before the master and litigate their claims, and to be bound by such decree as may be made in this cause, in the same manner as if they were originally made parties in the suit.   If such an arrangement should be made, the master must charge the legacies which were a lien upon the estate of each devisee, upon the lands chargeable therewith, according to the principles adopted by this court

(a) See also *Coons* v. *Nall's heirs*, 4 *Littell's Reports*, 264.

in the case of *Clowes* v. *Dickenson*, (5 *John. Ch. Rep.* 235,) and in *James* v. *Hubbard*, (1 *Paige's Rep.* 228;) that is, the premises last sold, or which remain unsold in the hands of the devisee or his heirs, is to be first charged, and so on in the inverse order of alienation. If the whole amount of the legacy charged upon the lands devised to Isaac I. Freyer was paid over to William for the use of the legatees, as stated in the answer of Isaac I., the real and personal estate of William, or the proceeds thereof in the hands of his administrators or distributees, must bear the charge, if there is sufficient for that purpose. But as such payment to him did not create a specific lien upon his estate, the amount cannot be a charge upon the lands of which he died seized, and which have gone into the hands of bona fide purchasers; and the estate of Isaac I. will therefore still remain liable for any deficiency.

The only question that arises upon the construction of the will of Isaac Freyer is, as to which of the children of Thomas Freyer are entitled to come in as legatees of their grandfather, and to share in the legacy of £200 given by the testator to the children of his son Thomas. Where a legacy is given to a class of individuals in general terms, as "to the children of A.," and no period is fixed for the distribution of the legacy, it is to be considered as due at the death of the testator; and none but children who were born or begotten previous to that time are entitled to share in the legacy. (*Crone* v. *Odell*, 1 *Ball & Beat.* 450. *Davidson* v. *Dallas*, 14 *Ves.* 576.) But a child in *ventre sa mere* at the death of the testator is considered as in esse, if it is afterwards born alive; and such child is equally entitled with those who were born in the lifetime of the testator. (*Doe* v. *Clark*, 2 *Hen. Black. Rep.* 399. *Trower* v. *Butts*, 1 *Sim. & Stu. Rep.* 181. *Rawlins* v. *Rawlins*, 2 *Cox's Cas.* 425.) Where, by the will of the testator, there is a postponement of the division of a legacy given to a class of individuals, until a period subsequent to his death, every one who answers the description, so as to come within that class at the time which is fixed by the testator for the division, will be entitled to a share, although not in esse at the death of the testator; unless there is something in the will to show that the testator intended to limit his bounty to

1833.

Jenkins
v.
Freyer.

such of the class as would answer the description when the will took effect by his death. (*Gilmore* v. *Severn*, 1 *Bro. C. C.* 582.) In this case, however, I am satisfied by the terms of this will, that the testator intended a virtual division of this legacy, so as to give to each of the children of Thomas who should be in esse at the death of the testator, the interest on their respective shares of the legacy for their present support; and that the principal of the share of each should be then invested as his or her separate property. The children of Thomas, who were neither born or begotten at the death of the testator, are therefore to be excluded from any share of the £200 legacy; and they are only entitled to their distributive shares of the estate of their uncle William, under the assignment from their father.

If the complainants elect to proceed for an account and distribution of the estate of William Freyer only, so much of the bill as seeks for an account, contribution and payment of the legacies charged upon the respective lots of the several devisees, except so far as is necessary to settle the estate of William, must be dismissed; but without prejudice to the future rights of any of the parties. The bill is also to be dismissed, without prejudice, so far as it seeks an account and distribution of the personal estate of Isaac Freyer; unless the complainants shall take out administration on the estate of John Freyer, and file their supplemental bill in behalf of themselves and all others, interested in that estate, who may elect to come in under the decree. Even that, however, will not dispense with the necessity of making the legatees whose legacies are charged on the real estate, or their personal representatives, parties; as their liens would not be discharged by a mere neglect to come in before the master.