1835.

CLASON
*v.*
LAWRENCE.

### CLASON and others *v.* LAWRENCE, *et al.*

---

Although, on the death of an only brother, his sister and mother are entitled equally to his rights in personalty, yet they cannot file a bill for an account of it. An administrator should do so. And where such a bill was filed, *it was held* to be demurrable and not amendable, because the right to administration would be in the sister only.

Although a will that gives an annuity out of a piece of land, does not, in terms, make it a charge upon the rents, yet it will be so, and fall, first, on the life estate and any deficiency of it remain a charge on the fee and be raised thereout.

Where executors are directed to receive and apply an annuity charged on real estate, the parties entitled to it cannot, in filing a bill, pass by the executors and seek payment out of the estate itself in the hands of devisees, unless they show affirmatively that the money never came to the hands of the executors.

Where an annuity is once raised out of an estate, the latter is not again to be charged.

---

*Oct.* 13.
1835.

*Pleadings.*
*Parties.*
*Annuity.*

ON the fifth of April, one thousand eight hundred and four, Jonathan Conrey of New-York, grocer, made his will, which was duly executed; and therein directed and decreed as follows : (after ordering debts to be paid) " and as I have given my sons John and Jonathan Conrey five hundred acres of land in Kentucky, and six hundred acres in Syme's purchase, therefore I think fit not to give them as much of my estate in New-York as the rest of my children. *Item,* to John and Jonathan aforesaid, I give, devise and bequeath the undivided half of the house in Barclay street, New-York, occupied by me, to them, their heirs and assigns for ever, share and share alike. *Item,* to my son Peter Conrey, I give, devise and bequeath my house and lot in Roosevelt street and my house and lot in Pearl street, as included in fence, subject to and chargeable with the annual payment of two hundred dollars by Peter Conrey and his heirs from my decease till my grandchildren John and Sarah Ann, children of my son Michael, come to twenty-one years, to be paid to and disposed of by my executors for their

support and education in manner hereinafter described. *Item,* I give, devise, &c., to my daughter Sarah, wife of Richard P. Lawrence, my house and so much of my lot in Chestnut street on which I live as is in my actual possession, and also my house and lot in Gold street in New-York during her natural life ; and, at her death, to such of her children as shall then be living, their heirs and assigns for ever share and share alike, subject to and chargeable with the payment of one hundred dollars annually to my executors, for the support and education of my said grandchildren above named, until they arrive at the age aforesaid. *Item,* I order my executors annually, on the receipt of the said three hundred dollars, to divide it into two halves and apply one half to the support and education, &c." (of grandson, and the other half to that of the granddaughter or so much as might be necessary). The testator also directed, in case any sum should not be needed for such education and support, that such part as was not thus disposed of should be separately put out at interest for the use of the grandchild to whom it belonged ; and so of interest thereupon. And, on the grandchildren respectively coming of age, to pay to them the unexpended amount of such annuity. In case either grandchild or both died under age, the share of the deceased unexpended was to be divided between the son Peter and daughter Sarah ; two thirds to the former and one third to the latter. It was also his will that his grandchildren should be kept at school until they were fourteen years of age ; and then to be put to trades at the discretion of his executors. And he devised the residue, real and personal, to his children Peter and Sarah, and their heirs and assigns for ever share and share alike. The testator appointed Peter Conrey his son and Richard P. Lawrence executors of the will.

John Conrey, the testator, died on the first day of June, one thousand eight hundred and seven. The grandson, John, was then four years of age, and Sarah Ann, the granddaughter, seven years old.

Peter Conrey, one of the executors and devisees, paid the annuity of two hundred dollars, charged on the premises devised to him, in favor of the grandchildren. John Conrey, the

1835.

CLASON
v.
LAWRENCE.

grandchild, became of age on the seventeenth of August, one thousand eight hundred and twenty-four; and died on the sixteenth day of September, one thousand eight hundred and twenty-nine, intestate, and without wife or issue; and whereby, (as the bill alleged,) the complainant, Sarah Ann, the grandchild, became entitled to one half of his personal estate, and another complainant, Sarah Quick, his mother, to the other half. Richard P. Lawrence, in right of Sarah, his wife, entered into possession of the house and lot in Chesnut street, and house and lot in Gold street, and of the rents and profits. Sarah Lawrence, his wife, died in the year one thousand eight hundred and twenty-one, during the life of her husband; and her personal property came to his hands, and no such personal property remained outstanding at the death of her husband. Sarah Lawrence left her surviving, her children, heirs at law and next of kin, (the defendants,) who had all survived Richard P. Lawrence, their father.

Richard P. Lawrence had qualified as executor of Conrey's will; and died some time in the year one thousand eight hundred and thirty-one, intestate and insolvent; and no one had become his administrator.

No part of the one hundred dollars charged on the devise to Sarah, the wife of Richard P. Lawrence, had ever come to the hands of Peter Conrey, and he was not chargeable with the same or any part of it.

All the above circumstances and facts appeared in the complainant's bill. And they also averred their ignorance as to whether any or what amount of the hundred dollars was applied to the support, &c., of John or Sarah, the grandchildren; and that neither Richard P. Lawrence nor Sarah his wife, nor the defendants, their children, nor any of their representatives had ever accounted with John Conrey, deceased, or the complainants, for such annuity or its appropriation, nor had shown how much had been applied, if any thing, for support or education, &c., nor how the residue, if any, had been invested, nor when. The complainants insisted that the houses and lots were chargeable with one half of the one hundred dollars from the death of the testator until John came of age; and also chargeable with the other half of the annuity from the death of the testator until Sarah came of age. And the bill prayed that

the defendants might answer, and might be decreed to come to account as to the sum due on annuity; that the amount found due might be declared a lien on the lands; that, in default of payment, it might be raised by a sale, with costs; and for other relief.

The defendants joined in a demurrer; and for cause showed: " that the said complainants have not in and by their said bill, made or stated such a case as entitled them to any such discovery or relief, as is thereby sought and prayed for. That the complainants have not, as appears by their bill, made out or stated any right or title in them, or either of them, as against the defendants, to the annuity of one hundred dollars in the bill mentioned, the avails or proceeds thereof, or any part of the same, so as to entitle the complainants to the discovery, accounting or relief or any part thereof sought and prayed for by the bill. That it appears by the bill, that Peter Conrey, therein named, is a necessary party to the bill, inasmuch as it appears by said bill, that Richard P. Lawrence, deceased, and said Peter Conrey were constituted and appointed the executors of the last will and testament of Jonathan Conrey, deceased, and that in and by the said last will and testament, (which is recited and set out at length in the bill,) the two houses and lots upon which the complainants seek to charge the annuity, were subjected to and charged with the payment of such annuity annually, to the said executors, to be received, disposed of and applied by them for the support, education, benefit and use of John Conrey, deceased, in said bill mentioned, and of the complainant, Sarah Ann Clason, as particularly appears in said bill. And, also, inasmuch as it appears by the bill that the annuity of one hundred dollars, claimed by the complainants, and another annuity of two hundred dollars, set forth in the bill, were respectively, by said last will, to be paid to and received and made one fund by the executors, and to be by them disposed of and applied for the support, education, use and benefit of the said John Conrey, and the complainant, Sarah Ann Clason, as contained in the bill. But the complainants have not made the said Peter Conrey a party to said bill, or assigned any reason why they have not. That it appears by the complainant's own showing that the administrator of John Conrey is a necessary party to the bill, inasmuch as it is al-

leged by the bill that John Conrey died in the year 1829, intestate, and without leaving a wife or issue ; and that thereby the complainant, Sarah Ann Clason and Sarah Quick, (the mother of the said John,) each became entitled to the one half part of the personal estate of the said John Conrey ; and that, pursuant thereto, in such right, the said bill claims that the complainants are entitled to the one half part of the said annuity of one hundred dollars and interest; and the said bill also claims that Sarah Ann Clason is entitled to the other part of said annuity.   But the complainants have not made the representative or administrator of the said John Conrey a party to the said bill or assigned any reason why they have not.   And that the said complainants have not, in and by their said bill, as to so much and such portion thereof as seeks a discovery and accounting or relief or as to such part or amount of said annuity of one hundred dollars as by said bill appears to have become due, payable or chargeable, during the lifetime of the said Sarah Lawrence, deceased, in said bill mentioned, made or stated such a case as entitles them to any discovery or relief in reference thereto, as is sought and prayed for by the complainant's bill.   And that as to all the rest of the said bill, it appears by the said bill that the administrator of John Conrey is a necessary party thereto, inasmuch as it appears by the said bill that the said John Conrey died intestate, as aforesaid, and that thereby the complainants, Sarah Ann Clason and Sarah Quick, became entitled to the personal estate of John Conrey, as aforesaid ; and that, in such right, the complainant's claim the one half part of the said annuity of one hundred dollars, and interest, as aforesaid; but that the said complainants have not made such adminstrator a party to said bill, nor assigned any reason why they have not."

Mr. *D. Lord, Jr.*, in support of the demurrer.

Mr. *M. Hoffman*, for the complainants.

THE VICE-CHANCELLOR :—This demurrer is to the whole bill ; and divers causes of demurrer are assigned.   One is admitted to be a good cause of demurrer, *viz.* that the personal representative of John Conrey, the grandson, who died intes-

tate and without issue in the year eighteen hundred and twenty-nine, is not before the court. It does not appear that an administrator of his estate has ever been appointed. The complainants, Sarah Ann Clason his sister and Mrs. Quick his mother, are alleged to be his next of kin; but, as such and in that capacity, they can have no authority to sue or file a bill founded on his right. Hence it is, that, so far as this bill seeks an account of what was due or belonged to him, it is defective as not being presented by the proper party for that purpose. The question then is, whether this is a defect which goes to defeat the bill entirely or is such as can be obviated by an amendment, or by supplemental bill, as was done in *Hunter* v. *Hallett*, 1 Edw. Ch. Rep. 388.

It is well settled to be a sufficient ground for dismissing a bill, that a person is joined as a co-complainant, who has no interest in the matters of the suit and no right to sue; and the objection may be taken by demurrer or raised by plea, as the case may be: *The King of Spain* v. *Machado*, 4 Russ. R. 225, 242, and 244; recognized in *Clarkson* v. *De Peyster*, 3 Paige, 337.

At present, these complainants have no right to exhibit a bill, jointly or severally, for the arrears of annuity alleged to have been due to John Conrey: *Tourton* v. *Flower*, 3 P. Wms. 371. Still, as next of kin and entitled to receive the clear surplus of his estate, if any, upon a distribution, it cannot be said they have no interest in the subject matter of this claim; but it is not such an interest as gives them a standing in court or constitutes them necessary or even proper parties to a bill for enforcing the demand. An administrator is the only proper party to file a bill in these cases; and as, by law, the right to administration does not, in the first instance, belong to the mother Mrs. Quick, but to the sister in preference (2 R. S. 74, sec. 27,) the case does not come within the principle of *Hunter* v. *Hallett*, supra, or the case there cited of *Humphreys* v. *Humphreys*, 3 P. Wms. 349, where the complainants were the only persons entitled to take out letters of administration, thereby qualifying themselves immediately to be the proper parties as complainants, and where the court, looking to that circumstance, will retain the bill to give the party

an opportunity of remedying the defect, upon terms, notwith-standing the allowance of the demurrer.

I am inclined to think, that on this ground alone—the making of Mr. and Mrs. Quick co-complainants, in this bill, with Mrs. Clason—the demurrer is fatal to it.

But there are other objections taken by the demurrer, which go to the whole merits of the case as made by the bill. The one hundred dollars, part of the annuities for the support and education of these two grandchildren during minority, which is now in question, charged upon the estate devised to the testator's daughter, Mrs. Lawrence, for life, and remainder to the defendants, was to be paid annually out of the same. The will does not say, in terms, out of the rents and profits, but, in such case, the accruing rents and profits would be considered the primary source for the payment of the sum, and, in that respect, it would fall upon the life estate of Mrs. Lawrence. If the rents and profits were sufficient, she, as tenant for life, was bound to keep down this annuity; and if the payment of it were to be continued after the determination of the life estate, it would devolve upon the remainder men to pay it, as the whole estate generally, both for life and in fee, stands charged by the will with the payment. So, if, during the existence of the life estate, the rents and profits were insufficient to satisfy the amount, the deficiency would be a charge upon the fee, to be raised by mortgage or otherwise out of the capital of the estate. In short, both the tenant for life and the devisees in remainder took their respective estates, subject to the payment of this annual sum; in the order, however, of their possessory right and enjoyment of the property. But this payment was to be made annually to the executors. The executors are appointed by the will to receive the money and to see to the application of it; and, if any surplus remained, they were constituted trustees to invest and finally to divide the fund between the two grandchildren. The executors, then, were the persons to be called to an account by the grandchildren, when they came of age. The presumption is, that they performed their duty and received these annual sums out of the property devised; and in a bill filed for an account, passing by the executors and seeking to obtain payment out of the property in the hands of the devisees in remainder, I

think the bill should show, affirmatively, by direct allegation, that the money never came to the hands of the executors and still remains a charge upon the estate. As regards Peter Conrey, one of the executors and also a devisee of a portion of the testator's property subject to a similar charge, the bill admits that he has fulfilled his duty and it exonerates him from all accountability, and, therefore, omits to make him a party to the suit. And, with respect to Richard P. Lawrence, the other executor now deceased, who was the husband of the tenant for life of that portion of the property now in controversy, the bill alleges, that he entered into possession thereof in right of his wife; and then, instead of showing that the one hundred dollars a year were not raised out of the property in any way, and were not in his hands as executor and trustee, the bill goes on merely to state, that the complainants are wholly ignorant whether any or what amount of such annuity was paid or applied for their support and education; with this additional allegation, that neither Richard P. Lawrence nor his wife, in their lifetime, nor the defendants, nor any other person representing them, have accounted for the one hundred dollar annuity or the appropriation of the same; nor has much thereof, if anything, been applied for support and maintenance, or invested as directed by the will. Now it is very certain, that the defendants are not liable to be called to an account for any misapplication of the money by the executor and trustee, Richard P. Lawrence; and as he was in possession, in right of his wife, she being tenant for life, and bound to permit the income to be applied to the payment of the annuity, he must be considered as receiving it for that purpose; and if he has not applied it, as he should have done, he alone is chargeable with the misapplication; and the remedy should be against him or his legal representatives or estate. The annuity having once been raised out of the income of the estate devised by the will, such estate is not again to be charged: 1 Roper on Leg. 498, pl. 8; *Anonymous*, 1 Salk. 153; *Carter* v. *Barnadiston*, 1 P. Wms. 518; *Hutchinson* v. *Lord Massareene*, 2 Ball and B. 54; nor are the defendants, in respect thereof, to be made liable, and it is only in that view that the present bill seeks to charge them.

In order to lay the foundation for a claim still against the

1835.

CLASON
v.
LAWRENCE.

estate, the bill should expressly rebut the presumption that the money came to the hands of the executor from the estate, instead of resting merely upon the complainant's ignorance, not of the fact that it did so, but of the fact of the annuity ever having been paid or applied to the support and education of the infants. As every fact is to be taken most strongly against the party pleading or alleging it, I think, in the absence of any direct averment to the contrary, the conclusion must be that the money was received by the executors out of the rents and income of the estate, and, consequently, the estate is discharged from the lien. On this ground also I consider the bill demurrable. With respect to the objection, that Peter Conrey is not made a party, I am inclined to think, that if sufficient were shown to give the complainants a title to sue and to sustain the bill in its present form, enough appears upon the face of it to dispense with Peter Conrey as a party. But, as the demurrer is well taken upon other grounds, and as one of them, at least, cannot be obviated by an amendment or supplement, the bill must be put out of court.

Order, that the demurrer stand allowed and the bill be dismissed, with costs.