HODGE v. IRON MOUNTAIN RAILROAD. See Case No. 6,561.

HODGE v. NEW YORK & HARLEM R. CO. See Cases Nos. 6,559 and 6,560.

HODGE (NICHOLLS v.). See Case No. 10,231.

---

## Case No. 6,561.

HODGE et al. v. NORTH MISSOURI R. R.

SAME v. IRON MOUNTAIN R. R.

[1 Dill. 104; 4 Fish. Pat. Cas. 161; 5 West. Jur. 121.] [1]

Circuit Court. E. D. Missouri.   Nov., 1869.

PARTIES—MISJOINDER—EQUITY PRACTICE—PATENT —TITLE IN PERSONAL REPRESENTATIVES OF DECEDENT.

1. If one who has no interest in the subject-matter of the suit. or in the relief prayed, be joined as party plaintiff. the defect may be reached by a general demurrer for want of equity.

2. The next of kin of a patentee cannot be united as parties plaintiff with the personal representative. in a bill to enjoin the infringement of the rights secured by the patent, and for an accounting.

3. Upon the death of the inventor, the title to the patent issued passes to the personal representative at the domicile of the patentee, who may sue for an infringement in any of the courts of the United States having jurisdiction.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 1 Dill. 104, and the statement is from 4 Fish. Pat. Cas. 161.]

It is not necessary that letters should be taken out in the state in which the suit is brought.

[These were bills in equity to restrain the infringement of letters patent for "improvement in the mode of operating brakes for cars," granted to Nehemiah Hodge, October 2, 1849 [No. 6,762], reissued March 1, 1853 [No. 231], and extended to him for seven years from October 2, 1863. Abbott L. Hodge claimed as heir at law of Nehemiah Hodge, and as assignee of Zelia C. Hodge, another ·heir, and Amelia S. Hodge claimed as administratrix of Nehemiah Hodge, and also as heir. In the suit against the North Missouri Railroad, the defendant interposed a general demurrer for want of equity. In the suit against the Iron Mountain Railroad, a plea was filed, alleging that no letters of administration had been granted in the state of Missouri, and denying the title of the foreign administratrix.][2]

Hendershott & Adams, for complainants.

Moss & Sherzer and Dryden & Lindley, for defendants.

Before TREAT and KREKEL, District Judges.

TREAT, District Judge. The question presented in the first case is, can the addition of a party, as plaintiff to a bill in equity, who has no interest in the suit, and who is not a necessary or proper party upon the record, be taken advantage of by a demurrer, for want of equity, or a general demurrer? I hold the affirmative to be established by the decisions both in England, and in this country. Story, Eq. Pl. § 509; King of Spain v. Machado, 4 Russ. 225; Cuff v. Platell, Id. 242; Makepeace v. Haythorne, Id. 244; Clarkson v. De Peyster, 3 Paige, 336. The reasoning in the case in 4 Russ. 225, seems conclusive on this point.

Is there any misjoinder of plaintiffs in this case? Under the patent laws, the interest of the patentee passes to the personal representative, who may apply for an extension or reissue of the patent, and it so remains until properly assigned. Until assigned all suits must be brought in the name of the administratrix; and the next of kin or heirs have no title in the patent. There is therefore in these cases, a party plaintiff upon the record, who has no right to any relief or discovery, and the defendants are not to be harassed by exceptions, taken by one who has no interest in the suit, nor can they be compelled to submit to him an inspection of their books and papers. The demurrer in the case of the North Missouri Railroad must be sustained.

We next notice the plea, that no letters have been granted in this state. The titles to patents for inventions is regulated by acts of congress. By those acts the interest of the patentee passes to the personal representative in the state of the domicil, and remains in him until assignment to the parties beneficially interested therein, or to the vendee there-

[2] [From 4 Fish. Pat. Cas. 161.]

of in case of sale in course of administration. Plea overruled.

[For other cases involving this patent, see Hodge v. Hudson River R. Co., Cases Nos. 6,559 and 6,560; Wood v. Michigan South. & N. I. R. Co. Id. 17,957.]