W. H. TRAFFORD, Administrator, *v.* H. T. WILKINSON and others.

## October Term, 1877.

LEGACY — CANNOT BE SUED FOR BY NEXT OF KIN OF LEGATEE. — The next of kin of a decendent cannot sue in their own names for a legacy to the deceased, the right of action being in the personal representative; nor is the rule changed by the fact that from lapse of time the right to take out letters of administration is barred by statutory limitation.

DEMURRER WILL BE OVERRULED IF THE ACTION CAN POSSIBLY BE SUS-TAINED. — If, upon a critical examination of the facts stated in a bill, there is a possibility that the action may be sustained, though upon a different ground from that assumed, a demurrer to the whole bill will be overruled; as where the bill was sought to be rested upon the right of distributees to sue for a legacy bequeathed their intestate, when it might, by possibility, be maintained upon the existence of a trust relation between the parties.

*Ed. Gannaway*, for complainant.
*Gaut, Osment & Gaut*, for Manlove.
*Dickinson*, for Wilkinson.

THE CHANCELLOR: — On demurrer, the bill having been

filed on September 3, 1877. In February, 1845, Jesse Parker died testate, directing, by his will, all his estate of every description, both real and personal, to be sold and converted into money, the proceeds to be divided equally between seven persons named, one of them being his sister, Elizabeth Lile. Charles L. Parker was named executor, and qualified as such. On April 1, 1847, he made a settlement of his administration, showing a balance in his hands of $10,836.65, of which Elizabeth Lile was entitled to one-seventh. She had intermarried, in Ray County, state of Missouri, with Malachi Lile, about the year 1830, and died "before she drew her share" of her brother's estate. She left seven children, two of whom, Caroline Moore and Polly Cox, have died, leaving children named in the bill. The complainant has taken out letters of administration on the estates of said Caroline and Polly, and has filed this bill as their personal representative. The other five children of Elizabeth Lile drew their shares of the fund about the year 1847 or 1848. Charles L. Parker died soon after his settlement, and the defendant Wilkinson became administrator *de bonis non*, with the will annexed, of the estate of Jesse Parker. On June 12, 1851, a decree was entered in this court embodying a report of said Wilkinson, as such administrator, showing that there were $600 remaining in his hands "belonging to the heirs in Missouri," being, the bill insists, the money going to Caroline Moore and Polly Cox, they being natives of the state of Missouri, and not having received their shares of the estate. This fund remained in the hands of Wilkinson until the year 1868, when, by a collusive arrangement between Wilkinson and the defendant Charles H. Manlove, the former resigned the office of administrator *de bonis non*, and Manlove was appointed in his place, giving bond in the penalty of $1,200, with defendants Wilkinson and John Cato as his sureties. This bill is filed to hold the defendants liable for the shares of Caroline Moore and Polly Cox in the estate of

Jesse Parker. The demurrer is by the defendant Manlove, assigning for cause that the complainant shows no right to sue in this action, the right of action, if any, being in Elizabeth Lile's personal representative.

The general rule is clear, and is so tacitly conceded to be by the counsel for the complainant in his ingenious and able argument, that the distributees of a decedent have no right of action, as such, for the personal estate of the decedent, the right of action being exclusively in the personal representative. *Clark* v. *Clark*, 3 Hayw. 23 ; *Thurman* v. *Shelton*, 10 Yerg. 385 ; *Brown* v. *Bibb*, 2 Coldw. 439 ; *Allen* v. *Simons*, 1 Curt. 122 ; *Jenkins* v. *Freyer*, 4 Paige, 47 ; *Woodin* v. *Bagley*, 13 Wend. 453 ; *Bradford* v. *Felder*, 2 McCord Ch. 169. The reason is, that the distributee has no title to such property, but only to the surplus remaining after the payment of debts, to be acquired through a personal representative. "The rule," says our Supreme Court in *Brown* v. *Bibb*, *ut supra*, " applies alike to suits at law and in equity, as no court, through its instrumentality, can allow parties to recover property when they would themselves thereby become executors *de son tort*, which implies a wrongful interference with the property of the intestate." The very case presented by this bill, of the distributees of their mother suing the executors of their grandfather for her legacy, was presented in *Puckett* v. *James*, 2 Humph. 565, and decided against them under the general rule. And see *Clason* v. *Lawrence*, 3 Edw. 48 ; *Jenkins* v. *Freyer*, 4 Paige, 47.

No doubt, the rules of equity practice are, as argued, flexible to meet exigencies in the matter of parties, and it is not material whether they appear as complainants or defendants, nor that all should appear before the court where they are numerous, and have the same interest ; but it has never been held that the party alone entitled to sue, if in existence or procurable, may be dispensed with altogether. A personal representative is not a mere trustee, but the ab-

solute owner of the personalty descended; and the distrib-
utees are not beneficiaries thereof, but are only entitled to
surplus moneys after administration and the payment of
debts, which is not an interest in property, but a right of
action. *Sneed* v. *Hooper*, Cooke, 200; *Brown* v. *Bibb*, 2
Coldw. 439. The flexibility of the rules of equity will not,
therefore, justify the court in sustaining this action, in the
face of overwhelming and uniform precedent. Nor is the
complainant's case aided by the act of 1860, 58, 1 (Code,
secs. 2324, *a;* 2324, *b*), for that act only allows the distribu-
tees to collect assets unadministered after the personal repre-
sentative has resigned or is dead, and no personal repre-
sentative of Elizabeth Lile is shown to have been appointed
in this case. And, besides, the statute, in the case pro-
vided for, gives the right to sue to the whole distributees
as a class. Less than the whole cannot represent the estate,
or protect the party sued.

The doubt I had in this case, suggested at the close of
the argument, was based upon the fact that, from lapse of
time, it was no longer possible to procure letters of admin-
istration on the estate of Elizabeth Lile, the Code, sec.
2220, expressly prohibiting the issuance of letters, in any
case, when the application is made more than thirty years
after the decedent's death, and, except where the applicant
was under disability, if made after twenty years; and,
therefore, all redress is gone unless the representatives of
her distributees can sue. But the court say, in *Brown* v.
*Bibb*, 2 Coldw. 440, that they cannot look to the fact that
it is too late to obtain a grant of administration, so as to
afford the parties a remedy. This is, of course, conclusive
upon me, and I am constrained to hold that the action, so
far as it is based upon the right of the complainant's intes-
tates as distributees of their mother, cannot be sustained.

But, upon a critical examination of the facts, it is possi-
ble that the action may be upheld on another ground, and
this possibility is sufficient to justify the overruling of the

demurrer. Elizabeth Lile died as early as 1847, and, according to the statements of the bill, the fact was known to the personal representative of Jesse Parker, for he paid five of the children of the legatee their shares of the fund. Such a payment to them directly, through an attorney in fact, would be a recognition of their legal right thus to receive the fund, the reason for which does not appear, and may have been lost by the lapse of time. The recognition of the individual right of five of these children fairly implies that the same right was recognized in the other two. According to the bill, this recognition is not left to implication. For, the bill states that in 1851 a decree was entered in this court embodying a report of the defendant Wilkinson, as administrator *de bonis non*, with the will annexed, of Jesse Parker, showing that there were $600 remaining in his hands, " belonging to the heirs in Missouri,"— meaning, as the complainant alleges, Caroline Moore and Polly Cox. This fund remained in the hands of the personal representative until 1868, when it was turned over to the defendant Manlove, under an appointment as administrator in place of the other, resigned. These facts, taken as true, show that the defendants have themselves treated the fund not merely as a part of the legacy of Elizabeth Lile, but as a trust-fund for those two of her children who had not received their shares, and who were the intestates of complainant. They have thereby, it may be, made themselves trustees for these parties, not as distributees of their mother, but as individuals. This conclusion is strengthened by the fact, that if the fund had been considered by them as a part of the legacy, it would have been their duty to have paid it into the treasury of the state, if not called for in seven years, under the provisions of the Code, sec. 2282, in which case it would have remained " subject to the claims of the next of kin, and of creditors, without limitation of time." Under these circumstances, and especially as the last recognition of the trust character of the fund, in

1868, was after the lapse of twenty years from the death of the legatee, when the right to take out letters of administration was gone unless the applicant could bring him or herself within one of the exceptions which would extend the right to thirty years, I am unwilling to allow the case to go off on demurrer. I prefer that the whole facts should appear, and that there should be a decision upon the merits.