JACKSON S. SCHULTZ, RESPONDENT, *v.* PHILIP D. COOK-INGHAM, AS COMMITTEE, ETC., APPELLANT, AND OTHERS.

*Committee of a lunatic — by whom, upon the lunatic's decease, the committee may be compelled to account.*

The executors or administrators of a deceased lunatic are alone entitled to bring an action for an accounting against his committee, and unless they refuse to perform their duty in this respect, an action therefore cannot be brought by the next of kin of the lunatic.

APPEALS from an order made at a Special Term overruling a demurrer interposed to the complaint and directing a judgment to be entered thereon, and also from an order restraining Cookingham from taking or continuing any proceedings for an accounting as the committee of the estate of Jerusha Lamoree, deceased.

The action was brought by one of the next of kin of a deceased lunatic against his committee, his administrator and others, to compel an accounting by the committee. A demurrer was interposed by the committee upon the grounds that the court did not have jurisdiction over the person of the defendant or the subject of the action; that the plaintiff had not legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action.

*M. A. Fowler*, for the appellant.

*Thompson, Weeks & Lown*, for the respondent.

PRATT, J. :

Section 2344 of the Code of Civil Procedure provides that where a person of whose property a committee has been appointed dies during his incompetency, the property of the decedent must be administered and disposed of as if a committee had not been appointed.

The defendants Morgan L. Vail and Morgan L. Smith having been appointed as administrators of the estate of the deceased lunatic, are therefore alone entitled to bring an action for an accounting against the committee ; and unless they refuse to perform their duty in this respect the plaintiff, as next of kin of the deceased lunatic, is not entitled to do so. (*Woodin* v. *Bagley*, 13 Wend., 453 ; *Beecher* v. *Crouse*, 19 id., 306; *Western R. R. Co.* v. *Nolan*, 48 N. Y., 513; *Jenkins* v. *Freyer*, 4 Paige, 47.)

There is no allegation in the complaint of such refusal, or of any fact showing that the administrators are disqualified for any reason to bring such action or proceed with the accounting.

The order appealed from must therefore be reversed, with costs.

Present — DYKMAN and PRATT, JJ.

BARNARD, P. J., not sitting.

Order granting injunction and judgment overruling demurrer by defendant reversed, with costs.