RICHTER v. HANNEMAN.

(Circuit Court, S. D. New York. November 11, 1902.)

1. SET-OFF—CLAIM IN DIFFERENT RIGHTS—PERSONAL AND REPRESENTATIVE CAPACITY.

Since a husband cannot recover choses in action of which his wife died seised, and to which he is entitled as a distributee, except through administration, such claims are not due to him personally, and cannot, therefore, be set off against a personal debt due by him to the plaintiff.

Wm. R. Baird, for demurrer.

Henry Parsons, opposed.

WALLACE, Circuit Judge. The plaintiff has demurred to the defendant's answer setting up a counterclaim. The action is brought by the executrix of Ludemann to recover the amount of a loan made by Ludemann to the defendant. The answer sets up as a counterclaim a debt owing by Ludemann at the time of his death to Amanda Hanneman, and alleges that before the commencement of the action she died leaving the defendant, who was her husband, and one daughter surviving, and that letters of administration upon the estate of the deceased wife were duly granted to the defendant by the surrogate having jurisdiction.

In support of the demurrer the plaintiff relies upon the well-settled rule that the defendant sued for a debt due by him personally cannot set off a demand due to him in a representative capacity. In support of the answer the defendant, while conceding this rule, claims that it is inapplicable upon the facts alleged, because, as husband, he became the owner of all the choses in action of his deceased wife, and his title was neither fortified nor impaired by his subsequent appointment as administrator.

It is the law of this state that the husband upon the death of his wife becomes entitled to the choses in action which belonged to her, and of which she had not made any disposition, testamentary or otherwise, and which he has reduced to his possession. He may release them, or take payment of them without administration, if he can get payment. There has been some difference of opinion in the courts of this state as to whether his title accrues by virtue of his right to administer, or independently, but the weight of authority is to the effect that where the wife leaves no descendant the husband's title is not affected by the granting of administration. Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184, disapproves Barnes v. Underwood, 47 N. Y. 351, upon this point, and follows Ransom v. Nichols, 22 N. Y. 110, Ryder v. Hulse, 24 N. Y. 372, and Olmsted v. Keyes, 85 N. Y. 602. The statute provides that where the wife leaves a descendant the husband shall be entitled to the same distributive share of her personal estate as a widow would have in the estate of her deceased husband. The courts of New York have not decided that in such a case the husband takes title otherwise than by administration, and as the statute secures him merely a distributive share of the effects it would seem that he could not. And they have never decided that where a chose in action is in the

possession of another the husband can recover it without assuming administration. If administration is needed to reduce the choses in action to possession the husband is entitled to letters, but until he has obtained possession he cannot maintain an action, but to do so he must assume administration and recover then in his capacity as administrator; and this is the rule which all the adjudications assume to exist. Whitaker v. Whitaker, 6 Johns. 112; Hunter v. Hallett, I Edw. Ch. 388; Latting v. Latting, 4 Sandf. Ch. 31; Jenkins v. Freyer, 4 Paige, 51; Woodin v. Bagley, 13 Wend. 453; Westervelt v. Gregg, 12 N. Y. 202–206, 62 Am. Dec. 160; Grosvenor v. Lane, 2 Atk. 180; Bourne v. Crofton, 2 Moll. 318.

As the defendant could not maintain an action upon the demand set up in his answer, it is not good as a counterclaim, and the demurrer should be sustained; and it is so ordered.