McKERNAN v. THOMAS CONVILLE BREWING CO. et al.

(Supreme Court, Appellate Term.   January 19, 1904.)

1. CONVERSION OF DECEDENT'S PROPERTY—ACTION BY NEXT OF KIN.
    Plaintiff, suing as next of kin of his deceased father for conversion, a few days after his death, of chattels of which he died possessed, fails to establish a cause of action, there being no proof that deceased did not leave a widow, that there are not other next of kin equally entitled to share in the estate, that there are no creditors, or that defendants have admitted plaintiff had possession of the chattels or right thereto.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John J. McKernan, an infant, by Rose Mealiff, guardian ad litem, against the Thomas Conville Brewing Company and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

John Conville, for appellants.

PER CURIAM. This is an appeal by defendants from a judgment for $74.67, damages and costs, in favor of the plaintiff, for the conversion, as claimed by plaintiff, of certain personal property situated in a saloon that belonged to plaintiff's father for some time just previous to his death. The case was submitted at the end of plaintiff's testimony, and judgment, as we have said, was thereupon rendered in plaintiff's favor.

It appears that on February 7, 1901, the plaintiff's father gave his promissory note for $1,000 to the defendant corporation, and on October 25, 1902, he executed a chattel mortgage to said defendant, covering the property in his said saloon. Plaintiff's father died on May 24, 1903, and thereafter, and on May 27th or 28th, the defendant corporation, claiming to act under the terms of the said chattel mortgage, took possession of the said property and sold it, at an auction sale, to one Shanley. Thereupon the plaintiff, as the next of kin of the mortgagor, brought this action in conversion against the two defendants. The action is brought by the plaintiff as next of kin, and no executor or administrator has been appointed of the estate of plaintiff's father.

At the close of the plaintiff's case the defendants' counsel moved to dismiss the complaint upon the "ground that the plaintiff has failed to prove or maintain any cause of action against either defendant." The court denied this motion, and the defendants duly excepted. We think the motion should have been granted. The plaintiff's claim is based upon the fact that he is next of kin of his father, who died possessed of the chattels in question. There is no proof that the decedent did not leave a widow; no proof that there are not other next of kin equally entitled to share in the estate with the plaintiff; no proof that there are no creditors of the estate; no proof of any admission by defendants, or either of them, of plaintiff's possession of the chattels at any time or of his right thereto, as in Segelken v. Meyer, 94 N. Y. 473. Upon the proof adduced the plaintiff failed to establish a cause of action. The owner of the chattels having died intestate, no one but an administrator of the estate of the deceased can properly bring an action of the character here alleged. Hunter v. Hallett, 1 Edw. Ch. 388; Code, § 2732.

The judgment appealed from must be reversed, with costs to the appellants.