WHITAKER
v.
WHITAKER.

In an action against an executor, the plaintiff may state that the testator being indebted, &c. the executor, after the death of the testator, in consideration, &c. promised to pay, in order to save the statute of limitations; and the defendant may set up every defence which he could, if the *assumpsit* was laid from the testator, and the judgment will be *de bonis testatoris, si non,* &c.
A husband, who survives his wife, is entitled to all her *choses in action,* whether reduced into his possession, in her life-time, or not. Where the husband gave a receipt for the distributive share of his wife, out of her father's estate, and in the receipt expressed it to be received for E. W. his son, a minor, it was held, that E. W. the son, was not entitled to the property, but it belonged to the father, in his life-time, and to his legal representatives, after his death.

WHITAKER *against* WHITAKER, Executor of WHITAKER.

THIS was an action of *assumpsit*, brought against the defendant, as surviving executor of the last will and testament of *Edward Whitaker*, deceased. The first count in the plaintiff's declaration, stated, "That whereas *Edward Whitaker*, deceased, in his life-time, to wit, on the twentieth day of *March*, 1802, at *Kingston*, &c. was indebted to the plaintiff in the sum of 2,000 dollars, lawful money, &c. for money by the plaintiff, before that time, lent and advanced to the said *Edward*, in his life-time, and at his special instance and request; and the said *Edward*, being so indebted in his life-time, he the said defendant, as such executor, after the death of the said *Edward*, in consideration thereof, afterwards, to wit, on the 17th *March*, 1808, as such surviving executor aforesaid, at *Kingston*, &c. undertook, and then and there faithfully promised the plaintiff to pay him, the said last-mentioned sum of money, when he, as such surviving executor, as aforesaid, should, thereto, afterwards, be requested," &c.

There were similar counts, also, for money paid, laid out and expended, money had and received to the use of the plaintiff, work and labour, &c. goods sold and delivered, &c. and the declaration concluded as follows: "Yet the said *Edward*, in his life-time, and the said defendant, surviving executor as aforesaid, since his death, although often requested, &c. have not, nor hath either of them, paid the said several sums of money, or any part thereof, to the said plaintiff; but the said *Edward*, in his life-time, refused to pay the same, and the said defendant, as surviving executor, as aforesaid, since his death, still doth refuse to pay the same to the plaintiff, whereby the

said plaintiff says he is injured, and damnified to 2,000 dollars," &c.

The defendant pleaded that he had not promised and undertaken in manner and form, &c. with notice of a set-off.

At the trial the plaintiff produced in evidence a receipt given by *Edward Whitaker*, deceased, the testator, to *T. C. Dewitt*, a witness produced by the plaintiff, and the account accompanying the receipt, which was as follows: " Received in *Kingston, September* 29th, 1779, the above sum of 1,492*l*. 8*s*. 9*d*. in goods, and *T. C. Dewitt's* note, being the one-sixth part of the personal estate of the late *Henry Dewitt* and the late *Mary Dewitt*, deceased, as per inventory, for my son, *Edward Whitaker*, jun. a minor." (Signed) " *Edward Whitaker*." This receipt was at the foot of an inventory of one-sixth of the personal estate of *Mary Dewitt*, deceased, delivered to the witness, *T. C. Dewitt*, who testified that *Edward Whitaker*, the testator, about the year 1769, married *Elizabeth Dewitt*, (the mother of the plaintiff, and the sister of the witness, and one of two daughters of *Henry* and *Maria Dewitt*,) in the life-time of her mother. The mother died before *Elizabeth Dewitt*, and about eighteen months after the birth of the plaintiff, who is an only child, and was born the 12th *May*, 1770: the settlement of the estate mentioned in the receipt, took place at the date of the receipt, which was given for 1,490*l*. 8*s*. 9*d*. in continental money, there being then no other currency, and which sum was equal to 102*l*. 6*s*. 5*d*. in gold and silver; that the testator took also the note of the witness, for a sum in continental money, equal to 75*l*. 13*s*. 11*d*. in gold and silver, which note, with one month's interest, was paid the 30th *November*, 1779, in continental money; the residue of the sum specified in the receipt being made up by the articles mentioned in the inventory. It appeared that the plaintiff, after he came of age, in the life-time of his fa-

NEW-YORK,
May, 1810.

WHITAKER
v.
WHITAKER.

ther, worked for him, and was paid an account exhibited by him, for work.

A verdict was taken, by consent, for the plaintiff, subject to a case; reserving all questions of law, and with liberty to modify the verdict, as to the amount of principal and interest to be recovered, or to alter it into a verdict for the defendant, if the court should be of opinion that judgment ought to be entered for the defendant; and that the defendant might also, at the same time, move in arrest of judgment.

*1 Atk. 294. 1
Wils. 171.

*P. Wms. 381,
382. Co. Litt.
351. note a.

‡ 1 Wils. 168.

*L. Elmendorf*, for the defendant. 1. The declaration is defective. There is no promise of the testator stated; and it is not alleged that the defendant had assets sufficient, in consideration of which he promised to pay; otherwise, it would bind him to answer out of his own estate, as he could not, on the issue of *non assumpsit*, allege a want of assets.* The judgment must be *de bonis propriis*. The issue is, that the executor did not promise. There can be no evidence that the testator made no promise, as no promise by him is laid in the declaration; nor can the defendant avail himself of the statute of limitations. Again, the promise stated in the declaration is within the statute of frauds; and to make the defendant liable out of his own estate, the promise must be in writing. On these grounds the judgment ought to be arrested.

2. As to the merits. The personal property of *Elizabeth Dewitt*, by the intermarriage, belonged to her husband the testator, who, at her death, was entitled to letters of administration to enable him to recover the debts or property of his wife, in the hands of third persons.† The right to administer follows the right to the estate; and if the husband dies after the wife, the next of kin to the husband is entitled to the administration;‡ and if a third person obtains the administration, he is a mere trustee for the legal representatives of the husband. All the personal property, therefore, of *Elizabeth Dewitt*, at her

death, became, in law and equity, the property of her husband who survived her.

It is to be presumed also, that the plaintiff admitted he had either no claim against his father, or that it was settled; for he rendered an account against him, in his life-time, which was paid, without the plaintiff's mentioning the demand for which the present suit was brought. Though the plaintiff was of full age 12 years before the death of his father, yet we hear nothing of this claim, until about 5 years after the death of the father.

If it should be thought that the plaintiff can recover, he ought not to be allowed to recover interest.* The amount recovered by the testator was in continental money, which could not be put out at interest, and it soon depreciated so as to be of little or no value.

*Sudam*, contra. 1. The receipt is an express acknowledgment that the testator took the property as belonging to his son.

A father has no other power over the property of his children, than as guardian by nature. For though he may receive it, during the minority of his son, he must account for it when his son comes of age.† If the father is of sufficient ability to maintain his children, he must pay interest for their property in his hands, and cannot apply it to their maintenance.‡

The distributive share due to the wife, by the statute of distributions, was a *chose in action;* and if a *chose in action* is not reduced into possession by the husband, in the life-time of the wife, it does not belong to him.§

If an executor or trustee has money lying in his hands, which he might have put out at interest, and does not, he is liable to pay interest.**

2. As to the motion in arrest. In order to take the promise out of the statute of limitations, it must be stated to be made to the testator; and in *Deane* v. *Crane*,†† it was held, that where the declaration stated an *assump-*

NEW-YORK, May, 1810.

WHITAKER
v.
WHITAKER.

* 1 *Bro. C. C.* 238. 1 *Vesey,* jun. 236. 1 *Wils.* 171. *Campbell's N. P.* 50. 129.

† 1 *Bl. Com.* 452, 453.

‡ 1 *Bro. C. C.* 388. *Com. Dig.* (*Chan.* 3 *R.* 6.) 2 *Fon. Eq.* 239. note.

§ *Com. Dig. Baron & Feme,* (E. 3.) (F. 2.)

** 2 *Fon. Eq.* 184, 185. note.

†† 6 *Mod.* 309. 2 Ld. *Raym.* 1101. 1 *Salk.* 28. 3 *East,* 409. 2 *Stra.* 919.

NEW-YORK,
May, 1810.

WHITAKER
v.
WHITAKER.

*sit* to the testator, and there was a plea of *non assumpsit, infra sex annos,* evidence of an acknowledgment or new promise to the executor, within the six years, would not support the declaration. If this be the rule of law, it follows, *è converso,* that a promise by the executor as such, would not support the issue of *non assumpsit infra sex annos,* by the testator.

The declaration in this case is according to the most approved precedents.* It has been adopted in order to save the statute of limitations, and the defendant is not precluded from any defence which he could make, if the declaration stated the promise and liability of the testator only. The judgment must be *de bonis testatoris, si non de bonis propriis.*

* 3 *Went. Plead.*
71. 2 *H. Bl.* 128.
86, 87. 2 *Saund.*
117. *e.* note 2.

If this form of declaring was not allowed, there could be no recovery of a debt against an executor, after the lapse of six years.

SPENCER, J. delivered the opinion of the court. The defendant's counsel made several points on the argument, two of which only I deem it requisite to examine.

1. The validity of the declaration; and, 2. The testator's liability in consequence of the receipt of the 29th of *September,* 1779.

The objection is that the promise, to be rendered binding, ought to have been in writing, or alleged to have been made in consideration of *assets.* The counsel seemed to suppose, that the judgment on this count would be *de bonis propriis,* and that the executor would, in this mode of declaring, be prevented from pleading *plene administravit.* If such would be the consequence, then I should hold the objection to be valid; but according to the case of *Secar* v. *Atkinson,* (1 *H. Bl.* 102.) and of *Executors of Hughes* v. *Hughes,* (7 *Bro. P. C.* 550. and 2 *Saund.* 117. *e.* note 2.) the judgment will be *de bonis testatoris,* and this mode of declaring is

adopted merely to save the statute of limitations; consequently, the defendant is not prevented from making any defence under such a form of declaring, which he might have made, had the declaration stated the promise of the testator, and his liability only.

The second point is clearly with the defendant. The receipt is proved by an account between the testator, in behalf of his son, the plaintiff, with the estate of *Mary Dewitt;* and it is evident that *Henry Dewitt* must have died before his wife *Mary*.

It cannot be pretended, if the testator was entitled in his own right to the share of his wife in her mother's personal estate, that his ignorance of his rights, and receiving that share, as for his son, will give the plaintiff a legal right to call the representative of his father to an account for what he had a right to receive and retain.*

That the husband surviving his wife, is entitled to all her *choses in action*, as well as to her personal estate in possession, cannot be controverted. The 16th section of the act concerning executors and administrators, and the distribution of intestates' estates,† (1 *Rev. Laws*, 539.) enacts, that nothing contained in that act shall be construed to extend to the estates of *femes covert* that shall die intestate, but that their husbands may demand and have administration of their rights, credits, and other personal estate, and recover and enjoy the same, as fully as they might have done before the passing of the act. It is a transcript of the 29 *Car*. II. c. 3. s. 25. and in the case of *Squib* v. *Wyn*, (1 *P. Wms.* 381.) Lord Chancellor *Cowper* held, that even a term, which is a chattel real, shall go to the husband surviving his wife. In the case of *Cart* v. *Russ*, (1 *P. Wms.* 383.) a wife died possessed of *choses in action*, and the husband survived and died without taking out letters of administration to his wife, after which, the next of kin of the wife administered to her; and Lord *Parker* held, that the admi-

* 5 *Johns. Rep.* 72. A receipt may be explained or contradicted, by parol evidence.

† 24 sess. c. 174. s. 16.

NEW-YORK,
May, 1810.

WHITAKER
v.
WHITAKER.

nistrator of the wife, was but a trustee for the executor of the husband, the right of the wife's *choses in action* being, by the statute of distributions, vested in the husband, as next of kin to the wife. Lord *Hardwicke* lays down the same principle, in *Elliot* v. *Collins.* (3 *Atk.* 527.) He says, the husband surviving the wife, her whole estate vested in him, at the time of her death, and no person could possibly be entitled to the rights of the wife but himself, so that her whole property belonged to him. In *Hargrave* and *Butler's* note to *Coke Littleton,*(a) (note 304.) after stating the statutes of distribution, they observe, upon the construction of these statutes, it has been held that the husband may administer to his deceased wife, and he is entitled, for his own benefit, to all her chattels real, things in action, trusts, and every other species of personal property, whether actually vested in her and reduced into possession, or contingent and recoverable only by action or suit; and that by a series of cases, it is now settled, that the representative of the husband is entitled as much to that species of his wife's property as lies in action or suit, and is not reduced into possession, as to any other; and that the right of administration follows the right of the estate, and ought, in case of the husband's death, after the wife, to be granted to the next of kin of the husband, and if obtained by a third person, he is a trustee for the representative of the husband. *Bacon's Abridgment,* (tit. *Baron* and *Feme,* C.) contains a note by Mr. *Gwillim* to the same effect; and *Christian,* in his note to 2 *Black. Com.* 435. gives the same construction to 29 *Car.* II. c. 3. s. 25. that the husband shall have administration of all his wife's personal estate, which he did not reduce to possession before her death, and shall retain it to his own use; and in case of his death before administration granted to him, or it be recovered,

(a) Note 1. 351. a. Mr. *Hargrave's Notes* extend no further than *folio* 190. or to half the work, the remaining notes are by Mr. *Butler.*

the right to it passes to his personal representatives and not to the wife's next of kin.

It may be added, that there is not an authority to be met with contradicting these well and clearly established principles.

The plaintiff rests his right to recover, on the ground that the testator received money to which the plaintiff is entitled; and the only count in the declaration on which he can recover, is the one for money had and received. Should it, therefore, be admitted, that as the testator did not take out letters of administration on the estate of his wife, he is to be regarded as only equitably entitled to the money he received, this equitable right is, in this action, sufficient to protect the defendant from any responsibility; for it cannot be questioned, that in the action for money had and received, the defendant may make any defence which shows that the plaintiff, *ex æquo et bono*, is not entitled to recover. Great stress has been placed on the terms of the receipt; and that it appears the testator meant to receive the money for his son, the plaintiff. I consider this as furnishing no legal or equitable title to the plaintiff, to sue for the money thus received, if the defendant has otherwise a right to retain. The amount of the argument is this, the defendant's testator received his own money, or money to which he was entitled, for the plaintiff, and in this action, in which the plaintiff is bound to show that the money so received was his, or that he was equitably entitled to it, he shows directly the reverse, and that it was his father's. It cannot be pretended that the receipt operated as a transfer of the property from the father to his son. It was a mere muniment of evidence, and worked no change in the right to the money.

I cannot, however, assent to the position, that the plaintiff has even a technical legal title to the money received by his father. The administration given by the statute to the husband who survives his wife, cannot be necessary to entitle him to the beneficial use of what he

NEW-YORK,
May, 1810.

WHITAKER
v.
WHITAKER.

recovers. It merely confers a right to sue for *her choses in action;* and if he can get them, without suit, his title is as perfect as though he had taken letters of administration. The statute expressly provides, that nothing contained in it shall extend to the estates of *femes covert;* and consequently, the plaintiff cannot claim under this statute; it recognises the common law right of the husband, to recover and enjoy the personal estate of his deceased wife.

The equitable rights of the husband, or his representatives, will arise, should letters of administration be taken out on her estate by any other than the husband or his personal representatives. The legal title to recover the *choses in action* of the wife, would then reside in such administrator, and the equitable right to them in the husband or his representative.

The construction of the statute must be the same in law as in equity; and it cannot be maintained that when it gives the right in the deceased wife's personal estate to her husband, and gives him the right of administration, that any other person has a legal title against the husband.

Baron *Comyns*, in his *Digest,* (tit. *Baron* and *Feme,* E. 3.) lays down the law to be, that if the husband dies without administering to the personal estate of his wife, it goes to his representative, and is vested in him before administration taken out, and not to her next of kin; and he takes the distinction I have mentioned, that if administration is granted to such next of kin, yet in equity he is looked on as a mere trustee for the representatives of the husband.

Upon *no principle* can the plaintiff recover, and the defendant must have judgment.

Judgment for defendant.