Before inquiring how far the interest of the husband in his wife's legacy, which vested before the passage of the act for the more effectual protection of the property of married women, is affected by it, it will be necessary to determine what is the nature and extent of that interest. A legacy, or distributive share, accruing to the wife, is regarded as a chose in action,
and, as far as the rights of the husband are concerned, it stands upon the same footing as a promissory note, or other property of a similar character. (Garforth v. Bradley, 2 Ves., Sen.,
675; Schuyler v. Hoyle, 5 Johns. Ch., 196; 2 Kent Com.,
137.) The general rule of the common law is, that the husband has the right to reduce the choses in action of the wife into possession, but that, until he does so, they do not vest in him as his own property; and in case he dies in the lifetime of his wife, they survive to her. But this general description does not give an adequate idea of the extent of the husband's interest, for, in addition to his right to reduce them into possession, he may assign them even by a voluntary assignment; although, in that case, the wife's right of survivorship will remain. (Burnet v.Kinnaster, 2 Vern., 410; Mitford v. Mitford, 9 Ves.,
87; 2 Atk., 420.) They will also pass under a general assignment in bankruptcy, or under insolvent laws, subject, however, to the right of survivorship in the wife. (9 Ves., 87; 2 Atk., 420; Pierce v. Thornely, 2 Simons, 167; VanEpps v. Vandeusen, 4 Paige, 64.) But the husband may cut off that right by an assignment for a valuable consideration, although the wife's right to an equitable provision for her support cannot be thus taken away. (Cataret v. Paschal, 3 P.Wms., 197; Bates v. Dandy, 2 Atk., 206, S.C.; 3Russel, 65, note; 2 Atk., 417, 9 Ves., 87; 5 Johns.Ch., 196; 6 ib., 178; 2 Kent's Com., 136.) In *Page 206 
the case of Haner v. Martin (3 Russ., 65), Ld. Lyndhurst says: That "equity considers the assignment by the husband as amounting to an agreement that he will reduce the property into possession; it likewise considers what a party agrees to do as actually done; and, therefore, where the husband has the power of reducing the property into possession, his assignment of the chose in action of the wife will be regarded as a reduction into possession." This may seem to be rather an artificial reason, but the rule is considered as well settled by authority. As to choses in action which accrue to the wife before the marriage, the husband must sue jointly with the wife; but it is said that he may or may not join her with him in a suit upon choses in action which accrue after the marriage. In Garforth v. Bradley (ubisup.), Ld. Hardwick says: That by bringing the action in his own name, the husband may disagree to the interest of the wife, and that a recovery in his own name is equal to reducing into possession. (Richards v. Richards, 2 Barnewall Ad., 447;Clancy, 4.) If the husband survives the wife, and she leaves choses in action which he has not reduced to possession, he is entitled to recover and enjoy them as his own, by acting as her administrator. He has this right, according to some, juremariti, and irrespective of any statute. (Watt v. Watt, 3Ves., Jr., 244.) It has also been held that the authority was conferred by the 31 Edw. III, which directs that administration be granted to the nearest and most lawful friend. (Salk., 36.) By others, it has been thought that the husband derives his right from the 29 Car. II, ch. 3, §§ 2 and 5; similar statute,
1 R.L., 314; 2 R.S., 75; Squib v. Wager, 1 P. Wms.,
378; Cart v. Rees, ib., 381; Whitaker v. Whitaker, 6Johns., 112; 2 Kent Com., 135.) If the husband, who has survived his wife, dies before he has recovered the choses in action, his representatives are entitled to them. (Butler'snote, 304, to Co. Lit., lib. 3; Elliott v. Collins, 3Atk., 526; 6 Johns., 118; Betts v. Kimpton, 2 B Ad.,
273.) And in this state there is an express *Page 207 
statutory provision, that "if the husband shall die, leaving any of the assets of his wife unadministered, they shall pass to his executor or administrator as part of his personal estate, but shall be liable for her debts, to her creditors, in preference to the creditors of the husband." And "if letters of administration, in the estate of a married woman, shall be granted to any other person than her husband, by reason of his neglect, refusal or incompetence to take the same, such administrator shall account for and pay over the assets remaining in his hands to such husband or his personal representatives." (2 R.S., 75.) It is apparent, from these rules, that the interest of the husband in the choses in action of the wife which have not been reduced to possession, is of a peculiar and anomalous nature. But can it be said that he has not a vested right of a valuable character, which the law is bound to protect? The counsel for the appellant referred us in his argument to the case of Clark v. McCreary
(12 Smedes Marsh, 347), which was decided under a statute of Mississippi, and presented a question similar to that which is raised here. In that case, the court placed their opinion upon the ground that the right of the husband to reduce his wife's choses in action into possession was not a vested interest, that is, as they explain it, the property is not vested in possession; and they quote a definition given by Chan. Kent, that "an estate is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment." (4 Kent's Com.,
202.) They further say that "the husband's interest in the wife's choses in action is a qualified right, upon condition that he reduce them into possession during coverture. This condition is manifestly a condition precedent, and it is indespensable that the condition precedent should take place before the estate can vest. In this case the law was passed before the condition was performed, and intercepted the right of the husband." Now, it seems to me that the whole of this reasoning is founded upon a *Page 208 
fallacy. A right to reduce a chose in action to possession is one thing, and a right to the property which is the result of the process by which the chose in action has been reduced to possession, is another and a different thing. But they are both equally vested rights. The one is a vested right to obtain the thing, with the certainty of obtaining it by resorting to the necessary proceedings, unless there be a legal defence, and the other is a vested right to the thing after it has been obtained. This distinction is entirely lost sight of in the opinion of the learned court in the case last cited. Upon the argument of this appeal, the counsel for the appellant defined the interest of the husband in his wife's legacy to be an authority to collect it. I do not object to this definition, if we add the words for hisown benefit. In the case of Gallego v. Gallego (2 Brock.,
286), Ch. J. Marshall said: "The husband has no interest in the legacy of his wife; he has only a power to make it his by reducing it to possession." But the words authority andpower, as here used, are synonymous with right. This right, it is true, is personal, and no one can exercise it but the husband himself or his assigns, or, under certain circumstances, his representatives. It is not a right which can be taken in execution. (Price v. Sessions, 3 How., 624.) Neither will a court of equity compel a husband to exercise it in favor of his creditors. (2 Brock., 286.) But it is none the less valuable to the husband on that account. It is a right of a peculiar and restricted character, but it is fixed, certain and vested, and this case shows that it may be of great pecuniary value. The legacy given to the respondent's wife amounts to $5000. At the time that these proceedings were commenced there is no doubt that the husband could have legally assigned his right to reduce the legacy into possession for a valuable consideration. He was then entitled to receive the legacy as his own, by taking the necessary legal proceedings, and he will now be entitled to receive it, unless the right which he then had *Page 209 
has been legally taken away, and if that right has been taken away, he has lost a vested right of the value of the legacy in question. What, then, has been the effect of the act of 1848?
The constitution of this state declares that "no person shall be deprived of life, liberty or property without due process of law." (Const., art. 1, § 6.) Due process of law undoubtedly means, in the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights. Such an act as the legislature may, in the uncontrolled exercise of its power, think fit to pass, is, in no sense, the process of law designated by the constitution. This construction has heretofore been adopted (Taylor v. Porter, 4Hill, 140); and it is so obviously sound, that the mere statement of it is sufficient. Its correctness cannot be made more apparent by argument or illustration.
I think that the right of the respondent to recover the legacy of his wife, which existed at the time that the statute in reference to married women went into operation, was property within the meaning of the constitution, and that he has not been deprived of it by the statute.
The judgment should be affirmed.