Mr. Justice Shepard
delivered the opinion of the Court:
The law of the forum unquestionably governs the form of the action, the manner of enforcing the right and, in fact, all matters affecting the remedy. At the same time it is equally true that the interpretation and validity of contracts, save in exceptional cases not necessary now to be considered, are to be determined by the law of the place where the contract is made. It is hardly necessary to cite authority for these propositions. Bank v. Donnally, 8 Pet., 361 ; Wilcox v. Hunt, 13 Pet., 378 ; Scudder v. Bank, 91 U. S., 406; Pritchard v. Norton, 106 U. S., 124.
For example, if this were admitted to be separate property of the plaintiff, but the law of this District would not permit her to sue in her own name without joining her husband, it would have to be obeyed. Or if the law of New York required that in suits to recover her separate estate the husband should be joined as a party plaintiff, the suit could nevertheless be prosecuted here by her alone, under the provisions of our statute. But the statute or rule of law prevailing here has no bearing whatever upon plaintiff’s right in or ownership of the money which she lent to defendant. She was not a resident of the District of Columbia; she did *495 not earn the money here; she did not even send it here for investment, though had she done so it would not have affected her right. She lived in New York; her earnings were made there, and the law of that State made them her sole and separate property. She had an absolute vested right of property in the money which she loaned to defendant. No subsequent statute of her own State could have taken it away. Holmes v. Holmes, 4 Barb., 295 ; Westervelt v. Gregg, 12 N. Y., 202.
By what authority can it be claimed that the law of this jurisdiction has the effect to change the ownership of this property; to take it from the wife and vest it in her husband? Nothing less than her own voluntary act could divest her title. It is beyond the power of Congress as well as of other legislatures to do so. It is a generally admitted rule of law that the law of the place of the marriage governs the rights of the parties in respect of all personal, movable property wherever situated. Story on Conflict of Laws, Sec. 159; Wharton, Id., Sec. 197. It has been held, too, that where property has passed, or been conveyed, to the wife by an antenuptial contract, executed and recorded in compliance with the law of the domicile, or place where made, the title follows the property into another State, to which the domicile has been changed, and protects it from the innocent purchasers or creditors of the husband, notwithstanding the registration laws of the State to which both the property and the domicile have been removed. De Lane v. Moore, 14 How., 253; Bank v. Lee, 13 Pet., 107; Hicks v. Skinner, 71 N. C., 539. A fortiori, it ought to be held that property, or a right of action for property, vested in the wife by the high authority of the statute of the State itself, in which she and her husband live, follows the property into another jurisdiction where the right'is asserted, not against a creditor or innocent purchaser of the husband, but against the borrower of her money, who, without shadow of excuse, resists the payment of a just debt.' It is conceded that the case in the court below was made to turn upon *496 this question of law alone; hence, probably, the bill of exceptions presents but a meagre statement of the evidence.
The point is now made, for the first time, that without regard to the question of law aforesaid, the evidence is not sufficient to show that plaintiff has brought herself within the protection of the law of her domicile. It is contended that the plaintiff must be held to strict proof of each and every fact and circumstance necessary to show that her claim is within that law. The evidence, as we have said, is rather general and indefinite; but we see no good reason why greater strictness of proof should be required in this case than in others where parties seek to bring themselves within the scope and operation of a remedial statute enacted in furtherance of natural right and justice. On account, however, of the manner in which the question presents itself here, the very opposite of the rule contended for applies. Where a case is taken from the jury, upon a motion which is in effect a demurrer to the evidence, not only each fact testified directly to, but also every inference which may be fairly or reasonably deduced therefrom, must be considered as established. Taking the actual facts as to the residence of the parties, the earning of the money, the time and place of the loan in connection with the age of the statute, it is not unreasonable to assume that the right had its origin since the enactment of the statute — A. D. 1860.
For the error pointed out hereinabove, the judgment must be reversed, with costs to the appellant; and the cause remanded for further proceedings not inconsistent with this opinion; and it is so ordered.