## ZEUST *v.* STAFFAN.

## STAFFAN *v.* ZEUST.

HUSBAND AND WIFE; TENANCY BY THE CURTESY.

1. Under Sec. 728, R. S. D. C. (adopted by the act of Congress of June 22, 1874), a *feme covert* has the power to devise her real estate, whether acquired by gift or conveyance from her husband or otherwise, to the exclusion of the husband's tenancy by the curtesy; *overruling* Zeust v. Staffan, 14 App. D. C. 200.
2. But where a *feme covert* prior to the date of that act having had issue born capable of inheriting, acquired real estate by gift and conveyance from her husband, she took it subject to her common law disabilities and to her husband's tenancy by the curtesy initiate with no power to defeat that estate by subsequent devise. His tenancy by the curtesy initiate being a vested estate was not and could not be affected by the passage of that act.
3. Seisin in fee by the wife and the birth of issue during marriage capable of inheriting, are sufficient to vest in the husband an estate by the curtesy initiate; and the seisin and birth of issue are not required to be concurrent.

4. Where real estate is conveyed to a *feme covert* by trustees under a power and by direction of her husband, in fee simple absolute, for her sole use and benefit, free from his control and ownership, she takes the estate as if she was unmarried, and has the right to devise it as a *feme sole*, free from any tenancy by curtesy in the husband; *following* Zeust v. Staffan, 14 App. D. C. 200.

Nos. 825 and 827. Submitted February 21, 1899. Decided March 6, 1900.

HEARING on a motion for reargument and reconsideration of former opinion and decree. For former report of these cases see 14 App. D. C. 200. *Former decree modified.*

*Mr. Calderon Carlisle* and *Mr. Wm. G. Johnson* for the appellant Zeust.

*Mr. Franklin H. Mackey* and *Mr. W. C. Clephane* for the appellant Staffan.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

At the time these appeals were originally argued in this court, the case of *Frances Rebecca Hamilton* v. *Grace A. B. Rathbone* was pending and had been argued in the Supreme Court of the United States. That case had been taken up on writ of error from this court, and it involved the question, whether the pre-existing law had been so far changed, by the adoption of the Revised Statutes relating to the District of Columbia, as to authorize a married woman to devise her real estate acquired by gift or conveyance from her husband, as fully as if she were *feme sole*. About the time that the opinion in this case had been prepared and was ready to be filed, it was announced by the Supreme Court that a re-argument of the case of *Hamilton* v. *Rathbone* was desired by the court, and particularly in respect to the question as to the effect of the adoption of the Revised Statutes upon the pre-existing law of this District in relation to the rights and powers of married women. The opinion of this court, however, was filed, and the case has been reported

in 14 App. D. C. 200.    It was deemed proper, however, and just to the party against whose contention we had ruled upon the question involved in *Hamilton* v. *Rathbone,* to suggest to counsel to file a motion for reargument or reconsideration, in order to retain the case subject to our control, and to save trouble, delay, and expense of an appeal, in the event that our construction of the statute should not be concurred in by the Supreme Court, in deciding *Hamilton* v. *Rathbone.* That motion was filed, according to our suggestion; and since that time the reargument of *Hamilton* v. *Rathbone* has been had, and the decision of the case has been recently rendered.    By that decision the ruling of this court, upon the construction of the statute, has been reversed; and the Supreme Court has held, that the power to devise and bequeath property, conferred on married women by section 728 of the Revised Statutes relating to this District, extends to all her property, however acquired, and includes power to devise real estate acquired by gift or conveyance from her husband, as fully as if she were unmarried.    That though, under the original act of 1869, relating to property of married women in this District, the power of a married woman to convey, devise and bequeath her property did not extend to such as she acquired by gift or conveyance from her husband, yet, by the terms employed in section 728, Rev. Stat. D. C., and the fair construction thereof, the power to convey or devise extends to all the property of a married woman, however acquired.

This construction of section 728, Rev. Stat. D. C., renders it proper and necessary that the opinion and decree of this court in the present case be modified to a certain extent, thereby rendering it necessary to reverse the decree appealed from as to one particular part thereof.

By this recent construction of section 728, Rev. Stat. D. C., the general power to devise by a married woman would apply to all her real estate, as well that acquired to her sole and separate use by deed or settlement, to the exclusion

of the marital rights of her husband, as that acquired generally under the statute. But in this case the power to devise under the statute is only material so far as it applies to that part of the real estate of which Mrs. Staffan died seized, which was conveyed to her by William H. Ward and William A. Ward, trustees, by their deed dated July 1, 1871, and which is the same property that is embraced in the third clause of the decree of the court below, and which was affirmed by this court. By that third clause of the decree, it was adjudged and held that, as the property had been acquired by the wife from her husband, the former possessed no power to devise the same, and that, consequently, upon her death this part of her real estate did not pass by her will, but descended to her heirs at law, subject to an estate by the curtesy vested in her surviving husband. In view of the decision of the Supreme Court in *Hamilton* v. *Rathbone*, before referred to, there was error in this part of the decree, in holding that Mrs. Staffan's will did not operate upon that part of her estate; and consequently that part or clause of the decree appealed from by Mrs. Anna Zeust must be reversed, instead of being affirmed, as by our former opinion.

The question, however, as to the right of the husband to an estate by the curtesy in the land of the wife conveyed to her by the deed from the Wards, as trustees, dated July 1, 1871, and embraced by the third clause of the decree appealed from, has not been affected in any manner by the slight change made in the phraseology in incorporating the provision of the first section of the original act of Congress of April 10, 1869, with respect to the power of a married woman to convey and devise her property, into section 728 of the Revised Statutes. The property that a married woman acquired by gift or conveyance from her husband during marriage, as contemplated by the original act of 1869, and as incorporated in section 721 of the Revised Statutes founded on the first section of the act of 1869, was

not acquired and held by virtue of any statute, but by virtue of her common law right; and she held such property subject to her common law disabilities, and subject to all the incidents of her estate growing out of her marriage relation, until she acquired the right to convey and devise such estate by the adoption of the Revised Statutes by act of Congress of June 22, 1874.

With respect to the deed from the trustee, William J. Miller, to Mrs. Mary A. Staffan, dated October 30, 1871, we perceive no ground for the contention made by the surviving husband, that he is entitled to an estate by the curtesy in the real estate conveyed by that deed. The language is too explicit to admit of doubt. In the language of the deed, the estate was conveyed to the wife, under a power and by the direction of the husband, *in fee simple, absolute, for her sole use and benefit, free from the control and ownership of the husband.* By this language all the marital rights of the husband in the property were excluded, and the wife was invested with full and complete right and power of disposition, either by deed or will, free from any right or estate by the curtesy in the husband. This limitation to the sole and separate use of the wife, free from the control and ownership of the husband, conferring upon the wife as it does, the *jus disponendi,* is exactly the same as if the estate had been limited to such uses as the wife by deed or will might appoint, and upon such appointment being made the husband could maintain no claim as tenant by the curtesy as against the disposition of the wife. See cases upon this subject reviewed in former opinion in this case, 14 App. D. C. 217 to 220.

But with respect to the property conveyed to the wife by William H. and William A. Ward, trustees, by deed dated July 1, 1871, for the parcel or part of lot number 15, sold under a deed of trust from Elizabeth Taylor, the case is quite different. That property came to the wife from the husband, through the trustees making the conveyance by

16 Ct. App.—11

his direction. The property was not deeded to the wife to her sole and separate use, but was conveyed to her in general terms, and which she took as an estate at common law, —being a gift or conveyance from the husband to the wife, within the meaning of the statute. Having so acquired the estate, one of the incidents thereto is the estate by the curtesy in the husband.

It appears by stipulation filed in the case, that George Staffan, the surviving husband, married his wife, Mary A. Staffan, the testatrix in this case, on the 3d of October, 1847; and that about the year 1848 a child was born of said marriage, but which child died a few days after its birth; and that, in about the year 1849, another child was born of said marriage, but which last mentioned child died after about two years and six months from the time of its birth. As is shown by the record, Mrs. Staffan survived her children, and died in July, 1882, having duly made and executed her last will and testament whereby she devised her real estate, including the parcel conveyed to her by the Wards, trustees, under the direction of her husband, to her adopted daughter, Anna Zeust, the appellant in this case. The seisin in fee by the wife, and the birth of issue during marriage, were sufficient to vest in the husband an estate by the curtesy initiate; and the seisin and birth of issue are not required to be concurrent. It was quite immaterial at what period during coverture the wife became seized of the estate, whether before the birth of issue or thereafter; nor was it material whether the issue was living or dead at the time of the seisin by the wife.

In 1 Co. Litt., 30a, it is said: "Foure things doe belong to an estate of tenancy by the curtesie, viz: marriage, seisin of the wife, issue, and death of the wife. But it is not requisite that these should concur together all at one time. And therefore if a man taketh a woman seized of lands in fee, and is disseized, and then have issue, and the wife die, he shall enter and hold by the curtesie. So if he hath issue

which dieth before the descent, as is aforesaid. And albeit the estate be not consummate until the death of the wife, yet the estate hath such a beginning after issue had in the lifetime of the wife as is respected in law for divers purposes."

In 1 Cruise Dig., Tit. 5, Curtesy, Ch. 1, Sec. 18, the well established common law rule upon the subject is laid down in clear and succinct terms, thus: "It is immaterial whether the issue be born before or after the seisin of the wife. Thus, if after issue is born, lands descend to the wife, be the issue dead or alive at the time of the descent, the husband shall be tenant by the curtesy. So if, after the death of the issue the wife acquires lands in fee, and dies without having had any other issue, her husband shall be tenant by the curtesy. For the having issue, and being seized during the coverture is sufficient, though it be at several times." 8 Rep. 35, *Paine's Case;* 13 Rep. 23, *Menvil's Case.*

And in the leading American case of *Jackson* v. *Johnson,* 5 Cow. 75, 95, the principle as stated by Coke and Cruise is quoted with approval, and laid down as the established law; and it was there held that it was not necessary that seisin and issue should concur together at one time; and, therefore, if the wife become seized of lands during the coveture, and then be disseized, and then have issue, the husband shall be tenant by the curtesy of those lands; and on his wife's death may enter as such, and, during her life, he is called tenant by the curtesy initiate. So if the wife becomes seized after issue, though the issue die before her seisin.

Upon established principle, therefore, we take it to be entirely clear, that if Mrs. Staffan had died intestate of this particular piece of property, acquired as it was, there could have been no question of the right of the surviving husband to an estate by the curtesy therein. By the birth of issue of the marriage, capable of inheriting the estate from the mother, and the subsequent seizin by the mother, the estate by the curtesy became a vested estate

in the husband. *Hitz* v. *Nat. Bank*, 111 U. S. 722. And being a vested estate, we are not to suppose, as was said by the Supreme Court in the case just referred to, that Congress intended, by the act of June 22, 1874, approving and adopting the Revised Statutes, to divest or destroy an existing vested estate. There is nothing to indicate such purpose. Indeed, such an estate would be beyond the control of legislative power. Judge Cooley, in his work on Constitutional Limitations (6th Ed.), at page 440, has stated this principle very clearly. He says: "At the common law, the husband immediately on the marriage succeeded to certain rights in the real and personal estate which the wife then possessed. These rights became vested rights at once, and any subsequent alteration in the law could not take them away. *Westervelt* v. *Gregg*, 12 N. Y. 202. But other interests were merely in expectancy. He could have a right as tenant by the curtesy initiate in the wife's estates of inheritance the moment a child was born of the marriage, who might by possibility become heir to such estate. This right would be property, subject to conveyance and to be taken for debts; and must therefore be regarded as a vested right, no more subject to legislative interference than other expectant interests which have ceased to be mere contingencies and become fixed. But while this interest remains expectant merely—that is to say, until it becomes initiate—the legislature must have full right to modify or even to abolish it." See case, *Bank* v. *Stauffer*, 10 Penna. St. 398; *Rouse Estate* v. *Directors, etc.*, 169 Penna. St. 116.

The principle thus stated by Judge Cooley has been recognized and applied in many cases, and as an instance of such application of the principle we may refer to the case of *Jackson* v. *Jackson*, 144 Ill. 274. In that case it was held that an estate as by the curtesy vests in a husband if his wife dies seized of an estate of inheritance, having had issue born alive, and which might have inherited it as her heir, and she thereafter dies in the lifetime of her husband.

And if such estate by the curtesy has vested in the husband, as in the present case, it can not be divested by subsequent legislative action. As said by the court in the case just referred to, "the estate of Jackson was a vested estate before the act of 1861 was passed, and it was not within the power of the legislature to destroy it or to deprive him of it by any act that might be passed for that purpose." See, also, the case of *Rose* v. *Sanderson*, 38 Ill. 247; and the case of *Allen* v. *Hanks*, 136 U. S. 300, 307, 308.

It results that the court below should have decreed the validity of the will of Mary A. Staffan as to the piece or parcel of lot number 15, in square 583, also devised to Anna Zeust, and described in the third clause or paragraph of the decree of said court, and that such parcel of said lot passed to and became vested in said Anna Zeust, named and designated in the will as Annie Shult Staffan, by virtue of the will and the execution of the power therein given, subject, however, to the tenancy by the curtesy of George Staffan, the surviving husband of Mary A. Staffan, in and to said parcel of lot number 15, described in the third paragraph of the decree. The decree, therefore, on the cross-appeal of Anna Zeust, must be reversed, in respect to the property described in the third paragraph of the decree of the court below, and the former decree and opinion of this court must be modified so as to be made to conform to the foregoing opinion; and it is so ordered.

*Decree affirmed in part, and reversed in part, in accordance with foregoing opinion.*