SEYMOUR S. TRAIGER, Landlord, *v.* ISIDORE SACKS, Tenant.

Municipal Court of the City of New York, Borough of Queens, April 27, 1945.

*Weinberg & Jacobowitz* for landlord.

*Lerner & Bachrach* for tenant.

*Maurice R. Whitebook, Chief Attorney (Harold Tessler* of counsel), for Office of Price Administration, New York City Defense-Rental Area, *amicus curiæ.*

PETTE, J. The landlord instituted holdover summary proceedings to remove the tenant from the premises 2604 Edgemere Avenue, Edgemere, Borough of Queens, City and State of New York.

The petition alleges: (a) the relationship of landlord and tenant arising out of an agreement made November 30, 1944, for a term commencing December 1, 1944, and expiring March 31, 1945; (b) that the landlord was granted a certificate of eviction by the Office of Price Administration on February 10, 1945, docket No. II-NYQ 4–1900; (c) that a ten-day Office of Price Administration notice was served upon the tenant and the Area Rent Office prior to the commencement of the summary proceedings, pursuant to paragraph (1) of subdivision (d) of section 6 of the Rent Regulation for Housing in the Greater

New York Defense-Rental Area (8 Fed. Reg. 13918); (d) that a proper thirty-day notice was served on the tenant before the expiration of the term set forth in the petition.

The tenant interposed an answer which challenged the good faith of the landlord.

Upon the trial of the summary proceedings, the landlord relied upon the authority of *New York City Housing Authority* v. *Rokaw,* Appellate Term, Second Department (N. Y. L. J. Oct. 7, 1944, p. 808, col. 5). In the case cited, the Appellate Term stated, in part: " The issuance by the Office of Price Administration of a certificate authorizing the landlord to proceed under local law was not disputed. By section 6, subdivision 6-b, of the regulations promulgated by the Office of Price Administration the issuance of the certificate made inapplicable the general provisions of section 6 as to grounds for removal and permitted the landlord to proceed in accordance with Civil Practice Act, section 1410."*

The Appellate Term, cited with approval an earlier decision by the same court in the case of *New York City Housing Authority* v. *Daly* (50 N..Y. S. 2d 444) wherein it said: " In the absence of any statutory prohibition, the term of the tenancy must be governed by the lease between the parties which provides for a weekly hiring with automatic renewals. The tenant was given due notice to vacate. There is no defense to the proceeding."

The Appellate Term then cited the case of *New York City Housing Authority* v. *Curington* (181 Misc. 955)* wherein the court used the same language as that above quoted from *New York City Housing Authority* v. *Rokaw* (*supra*).

Several other cases have been decided subsequently upon similar grounds. (See *New York City Housing Authority* v. *Awant,* 183 Misc. 823 [App. Term, 2d Dept.]).

Subdivision (b) of section 6 of the Office of Price Administration Housing Regulation provides (8 Fed. Reg. 13918):

(b) *Administrator's certificate* — (1) *Removals not inconsistent with Act or regulation.* No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes

---

* See *Pietrini* v. *Panicci,* 185 Misc. 111.— [REP.

of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof.

" (2) *Occupancy by purchaser.* A certificate shall be issued authorizing the pursuit of local remedies to remove or evict a tenant of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after November 1, 1943, only as provided in this paragraph (b) (2).

" (i) Where the Administrator finds that the payment or payments of principal made by the purchaser aggregate twenty per cent or more of the purchase price, he shall, on petition of either the vendor or purchaser, issue a certificate authorizing the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law. Except as hereinafter provided, the certificate shall authorize pursuit of local remedies at the expiration of three months after the date of filing of the petition.

" The payment or payments of principal may be made by the purchaser conditionally or in escrow to the end that they shall be returned to the purchaser in the event the Administrator denies a petition for a certificate.

" Any payments of principal made from funds borrowed for the purpose of making such payments shall be excluded in determining whether twenty per cent of the purchase price has been paid, unless the Administrator finds that the loan is made in good faith and not for the purpose of circumventing or evading the provisions of this paragraph (b) (2).

" Where property other than the housing accommodations which are the subject of the purchase is mortgaged or pledged to the vendor to secure any unpaid balance of the purchase price, the payment requirement shall be deemed satisfied if the value of such security, plus any payments of principal made from funds not borrowed for the purpose of making such principal payments, equal twenty per cent or more of the purchase price.

" (ii) Where the Administrator finds (*a*) that equivalent accommodations are available for rent into which the tenant can move without substantial hardship or loss, or (*b*) that the vendor has or had a substantial necessity requiring the sale and that a reasonable sale or disposition of the accommodations could not be made without the removal or eviction of the tenant, or (*c*) that other special hardship would result, a certificate may be issued although less than twenty per cent of the purchase price has been paid and may authorize the vendor or purchaser to pursue his remedies for removal or eviction of

the tenant at a time less than three months after the date of filing of the petition.

" (iii) The payment of twenty per cent or more of the purchase price shall not be a condition to the issuance of a certificate under this paragraph (b) (2) where the purchaser has obtained a loan to be used in purchasing the housing accommodations which is guaranteed in whole or in part by the Administrator of Veterans' Affairs pursuant to the provisions of Title III of the Servicemen's Readjustment Act of 1944."

The fundamental question raised herein is: Does the issuance of a certificate by the Administrator of the Office of Price Administration satisfy and conform with the legal and constitutional requisites of the Constitution of the State of New York, and the Constitution of the United States in that a court of justice, upon a trial, is precluded from interrogating the good faith of the petitioner therefor and the circumstances under which the certificate was issued?

Upon this issue reference is made by this court to the recent case of *Market St. Ry. Co.* v. *Railroad Commission* (324 U. S. 548) wherein the Supreme Court of the United States, in an opinion written by Mr. Justice JACKSON, stated, in part, at page 562: " *Due process,* of course, requires that commissions proceed upon matters *in evidence and that parties have opportunity to subject evidence to the test of cross-examination and rebuttal."* (Italics supplied.)

It is important to bear in mind, however, that due process deals with matters of substance and is not to be trivialized by formal objections that have no substantial bearing upon the rights of the parties.

Under the present procedure in obtaining a certificate from the Office of Price Administration, under subdivision (b) of section 6, the hearing is had before an attorney employed in said office, the rules of evidence are disregarded *in toto;* the witnesses are not sworn; hearsay proof of any nature may be submitted; no record is transcribed and the general rule of cross-examination, rebuttal, etc., is entirely absent.

It is questionable whether a certificate issued as a result of such proof, such as it may be, should be effectual so as to preclude the trial court from inquiring into the good faith of the petitioner who seeks to oust the tenant in possession. The challenge is not so much with respect to the provisions set forth in the Rent Regulation, as it is with the *manner and pro-*

*cedure* in which it is obtained. There is no intention to reflect any personal criticism of the attorneys and personnel of the Office of Price Administration rent control office for whom this court has the highest regard. Their fairness and co-operation is a matter of general knowledge.

In the recent case of *Matter of Lyons* v. *Goldstein,* (290 N. Y. 19, 24–25) the Court of Appeals, in an opinion written by Judge RIPPEY, held: '' If the order of Special Term were to be sustained upon a construction of the foregoing statutes in manner contrary to what we have above found to be their proper construction, the statutes would be repugnant to the due process clauses of the Constitutions of the United States and of the State of New York [U. S. Const., 14th Amendt., § 1; N. Y. Const., art. I, § 6] which can be satisfied, at least, *only when a person may be granted a hearing upon the merits before a competent tribunal where he may appear and assert and protect his rights* [italics supplied] (*Westervelt* v. *Gregg,* 12 N. Y. 202, 209; *Stuart* v. *Palmer,* 74 N. Y. 183, 191; *Matter of Doyle,* 16 R. I. 537, 538; *Mooney* v. *Holohan,* 294 U. S. 103; *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101, 104, 105). Although the Constitutions contain no description of those processes which it was intended to allow or forbid, it was not left to legislative power to enact any process which may be devised    *    *    *.''

'' Due process of law '', as is universally conceded is not susceptible of exact and comprehensive definition, its meaning necessarily varying with the dissimilarity in the proceedings in which it is required. (*People* v. *Adirondack Railway Co.,* 160 N. Y. 225; *Bertholf* v. *O'Reilly,* 74 N. Y. 509; *Riglander* v. *Star Company,* 98 App. Div. 101.) Any definition of '' due process of law '' would probably fail to comprehend all the cases to which it would apply. (*Stuart* v. *Palmer,* 74 N. Y. 183.) It is generally deemed to be equivalent in meaning to the phrase '' law of the land '' (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *People* v. *Dunn,* 157 N. Y. 528; *Barry* v. *Village of Port Jervis,* 64 App. Div. 268).

The assertion has been frequently made that due process of law is law in its regular course of administration through courts of justice and in accordance with the fundamental principles of free government. (*Matter of Barnes,* 204 N. Y. 108; *Ives* v. *South Buffalo R. Co.,* 201 N. Y. 271, *supra; People* v. *Sickles,* 156 N. Y. 541; *Ward* v. *Boyce,* 152 N. Y. 191; *Loma Holding Corp.* v. *Cripple Bush Realty Corp.,* 147 Misc. 655, affd. 240 App. Div. 1028, affd. 265 N. Y. 463.)

It has been further stated generally that '' Due process of law undoubtedly means, in the due course of legal proceedings, *according to those rules and forms which have been established for the protection of private rights* '' (italics supplied) (*Westervelt* against *Gregg,* 12 N. Y. 202, 209, *supra;* see, also, *Stuart* v. *Palmer,* 74 N. Y. 183, *supra; Campbell* v. *Evans,* 45 N. Y. 356; *Rockwell* v. *Nearing,* 35 N. Y. 302; *People ex rel. MacDonald* v. *Leubischer,* 34 App. Div. 577).

In *People* v. *McClean* (167 Misc. 40) it was held that natural civil rights such as the right to liberty and property were within the protection of the due process clause of the Constitution; due process requirements are satisfied only by legislation which is neither arbitrary nor discriminatory. (*Chamberlain, Inc.,* v. *Andrews,* 159 Misc. 124, mod. 271 N. Y. 1, affd. 299 U. S. 515, rehearing denied, 301 U. S. 714.)

An analogy as to the proper procedure and conduct of hearings might be made to those conducted before the Workmen's Compensation Board referees; hearings before officials under the Vehicle and Traffic Law; hearings before referees under the Unemployment Insurance Law, etc., wherein witnesses are sworn, testimony is transcribed and procedure followed to permit cross-examination and rebuttal by the respective interested parties.

Upon the question of good faith, the trial before this court showed that the petitioner herein has failed to sustain the burden of proof, and that by reason thereof, he has failed to comply with the rules and regulations of the Office of Price Administration. The court is of the opinion that the petitioner herein did not seek occupancy for himself and family and that the purpose of his purchase of the property was that for resale. It is significant that the certificate of occupancy given to the petitioner was upon the express condition of personal use and occupancy of said person and his family. It is significant also that the attorney for the Office of Price Administration, who has leave to appear herein, as *amicus curiæ,* has stated that it is his opinion that the trial court may inquire into the landlord's compliance, or intentions to comply with the condition attached to the certificate of eviction issued by the Administrator of the Office of Price Administration.

Upon the question of good faith, the Municipal Court of Appeals of the District of Columbia, in the case of *Abbott* v. *Fant* (32 A. 2d 618, 619) stated: '' While we have held that an owner has the right to select which of several properties he desires to occupy, this does not imply that the existence of other

available premises is not admissible in evidence, to be given such weight as court or jury may accord it in deciding the question of good faith. In *Colwell* v. *Stonebreaker,* D. C. Mun. App., 31 A. 2d 866, 867, we said: ' the availability of other quarters, an objection to or even ill-will toward a particular tenant, are matters properly admitted in evidence as bearing upon the good faith of one seeking possession under Section 5 of the Rent Control Act. But no one, or all in combination, necessarily constitute bad faith. They are items of evidence, to be considered by the court with the other evidence in the case.' "

By reason of the foregoing, this court feels constrained to dismiss the petition herein upon the merits.